# Stowe Preparatory School, Inc. v. Town of Stowe

[ 205 A.2d 544 ]

October Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith, JJ. and Hill, Supr. J.

Opinion Filed December 1, 1964

*A. Pearley Feen* for plaintiff.

*Clifton G. Parker* for defendant.

**Shangraw, J.** This action was brought in the court of chancery for Lamoille County as a petition for a declaratory judgment seeking a determination that the real property owned by the plaintiff in Stowe, Vermont, is exempt from taxation by the defendant town.

The defendant filed a demurrer and answer and the case was fully heard on its merits. Findings of fact were filed and a judgment order entered in favor of the plaintiff. By the order it was adjudged that the real estate of the plaintiff is exempt from taxation by the defendant under 32 V.S.A. §3802(4), and the defendant was enjoined and restrained from levying or collecting any real property taxes upon the plaintiff's property while the same continues to be used by the plaintiff in the manner in which it is now being used. It was further ordered that said property be removed from the Grand List of the defendant, and that defendant repay to the plaintiff the taxes, interest and costs paid under protest by the plaintiff for the years 1962 and 1963. The defendant has appealed.

The plaintiff, Stowe Preparatory School, Inc., is a Vermont corporation and was organized on January 15, 1961. In its Articles of Association are set forth the purposes for which the corporation was organized, which, in so far as here material, are as follows:

"1. To establish, conduct, manage and maintain a non-denominational school for the education and instruction of persons of either or both sexes and of any age in the various branches and fields of science, literature, philosophy, history, languages, mathematics, music, art, manual and vocational training, engineering, and liberal, useful and fine arts;

"2. To establish, conduct, manage and maintain courses of instruction in general or special fields or for general or special groups to be established upon the basis of age, sex, personality and physical and mental capabilities or any or all of them and to grant certificates or diplomas to such of its students as are deemed proficient and fitted to receive them;

"3. To apply for, obtain and maintain accreditation from such private, public and governmental agencies, bodies and groups as it may from time to time desire;

"5. This corporation shall not have capital stock and is not organized for profit. No part of its earnings shall inure to or be for the benefit of any member of the corporation or individual."

The Articles of Association were amended on June 7, 1961. This amendment provides that in case of a dissolution of the corporation its net assets shall be distributed to a non-profit organization selected by the trustees of the plaintiff.

The principal office of the plaintiff is in Waterbury, Vermont. In 1961 it acquired title, by purchase, of the so-called Peterson House property and Foothill Lodge property located on the Mountain Road in Stowe, Vermont. The property consists of about ten and one half acres of land, one large building used as a dormitory, classes and dining hall, and one building used for classrooms. Since acquiring the property substantial additions and improvements have been made. However, no claim is made by either party as to the tax-exempt status of such improvements, additions or equipment added by the plaintiff since it acquired the property.

At the time the plaintiff acquired this real estate it was listed at $15,150.00 in the Town of Stowe Grand List, and was continued without change at said valuation for the years 1962 and 1963. This resulted, in due course, in the assessment on the realty in question of a tax of $1,440.76 for the year 1962, and $1,363.50 for the year 1963. Plaintiff permitted the taxes to become delinquent, which it paid "under protest" on December 31, 1963, plus 5% for delinquent tax warrants for each year. It also paid a collector of taxes 8% delinquent tax fee, retained by the collector, pursuant to the statute.

The plaintiff was duly notified of such assessment. At no time did it assert any claim before the listers of defendant town that the property was exempt from taxation. No appeal from the determination of the listers was taken to the board of civil authority, or from this board to the commissioner of taxes. No action was taken at any town meeting to grant an exemption of taxation to the plaintiff. Plaintiff makes no claim that any grievance or appeal procedure was attempted by it, or denied to it. Plaintiff contends that no such procedure was necessary.

The courses given by the plaintiff provide a college preparatory program and cover languages, sciences and social sciences. The school is presently accredited by the State of Vermont, but no courses are offered of a college or university level. Although the Articles of Association of the plaintiff do not exclude it from maintaining educational courses and programs at the college or university level, it has advertised the school in its catalog only as a college preparatory school, and has operated and maintained the school as such.

There were 50 students registered the first year of operation, 80 the second year, and 93 the third year. Most of them were boarding students—a few were day students. The charge for tuition, which includes recreational facilities, is $2,200.00 per student, and the amount received from tuition is devoted to the maintenance of the school and retirement of its debt. The school is directed by a board of nine trustees who serve without compensation.

The defendant urges that the chancellor erred in the determination that plaintiff's realty is land owned by a public school and exempt from property taxes pursuant to the provisions of 32 V.S.A. §3802(4). Subsection (4) in part provides that the following property shall be exempt from taxation:—" . . . lands owned or leased by colleges, academies or other public schools. . . ."

It is contended by the defendant that the Articles of Association of the plaintiff in no manner limit the corporation to the operation of a facility or corporate purposes confining it to the conduct of a school of a type, standard or grade below that of a college or university level. By claiming that plaintiff is a college, the defendant asserts that the assessment of taxes was proper under No. 12 of the Acts of 1941, now paragraph (a) of 32 V.S.A. §3831. Sub-section (a) in part reads:

> "Any real property acquired after April 1, 1941, by any college, university or fraternity such as would be exempt from taxation under the provisions of section 3802 of this title shall be set to such institution in grand list of the town . . . at the value fixed . . . and taxed on such valuation. However, the voters of any town or city may at any legal meeting thereof vote to exempt such property from taxation."

Under the provisions of section 3802(4) lands owned or leased by colleges, academies or other public schools were exempt from taxation. By the subsequent enactment in 1941 of 32 V.S.A.

§3831(a) real property acquired by any college, university or fraternity after that date became taxable unless specifically exempted by vote of the town or city. To the extent of these exceptions or repugnancy the last statute modified the first. *Troy Academy* v. *Town of Poultney,* 115 Vt. 480, 485, 66 A.2d 2. Statutes of exemption are to be strictly construed, and no claim of exemption can be sustained unless within the express letter or necessary scope of the exempting clause. *Town of Sheldon* v. *Sheldon Poor House Ass'n.,* 100 Vt. 122, 130, 135 Atl. 492. In construing two related statutes, such as here, the intention of the Legislature must be ascertained and given effect. *Troy Academy* v. *Town of Poultney, supra,* p. 489. Under section 3831(a) the intent to exclude real property of a college, university or fraternity from tax exemption is clear and unequivocal. It is equally clear that real estate owned or leased by public schools is exempt from taxation under the provisions of section 3802(4).

Therefore, the crux of this case is whether plaintiff is a college and taxable under the provisions of 32 V.S.A. §3831(a), or on the contrary a public school and exempt from taxation by virtue of 32 V.S.A. §3802(4).

Webster's Third New International Dictionary defines a college and university as "an institution of higher learning." As stated in *Troy Academy* v. *Town of Poultney, supra,* at page 485, the term college includes "such an institution as the findings show them to be," citing, *Willard* v. *Pike,* 59 Vt. 202, 216, 9 Atl. 907. Here the findings demonstrate that the direct and immediate use of the plaintiff's property in question is devoted to college preparatory instruction. No courses are offered at a college or university level. We conclude that the plaintiff, by reason of its educational programs, and use, is not a college or university. It is exempt from taxation by virtue of the provisions of 32 V.S.A. §3802(4). The chancellor was right in taking this view, and is sustained on this point. On this issue see, *Willard* v. *Pike, supra, Troy Academy* v. *Town of Poultney, supra,* and *Scott* v. *St. Johnsbury Academy,* 86 Vt. 172, 84 Atl. 567.

*Decree Affirmed.*