# The Experiment in International Living, Inc. v. Town of Brattleboro

[ 238 A.2d 782 ]

December Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 6, 1968

42

*Kristensen, Cummings & Price* for the plaintiff.

*John S. Burgess* for the defendant.

**Smith, J.** The plaintiff, The Experiment in International Living, Inc. (hereafter designated as Experiment) brought an action in the Court of Chancery for Windham County as a Petition for Declaratory Judgment seeking a determination that the real property owned by the plaintiff in Brattleboro, Vermont, is exempt from taxation by the

defendant town, and to recover certain tax payments paid under protest by the plaintiff to the defendant. An answer was filed by the defendant, and the matter was heard by the Chancellor upon an agreed statement of facts. Findings of fact were filed on February 7, 1967, and on June 13, 1967, a judgment order was filed. The Chancellor, in his judgment order, determined that the real property of the plaintiff was not exempt from taxation by the defendant under Title 32, Section 3802(4), Vermont Statutes Annotated. The plaintiff, Experiment, has brought its appeal here from such judgment order.

The findings disclose that Experiment in International Living, Inc., is a Vermont corporation organized on June 30, 1947, with its headquarters in Putney, Vt. Under its Articles of Association, as amended in 1962, Experiment is organized and operated exclusively for educational, scientific and charitable purposes within the meaning of Section 501(c) of the Internal Revenue Code. The purposes of Experiment might be summarized as promoting the mutual understanding between inhabitants of the United States and various foreign countries. This is sought to be accomplished through travel, residence abroad, study of languages, attendance at institutions of learning and the cultivation of social relationships.

Experiment does not have capital stock and is not organized for profit. None of its net earnings inure to, or for, the benefit of any individual and if it shall cease to do business and dissolve, all funds remaining are to be distributed to a non-profit organization.

The program of Experiment is an educational exchange program involving group travel abroad for young Americans who live with foreign families, and bringing young foreign nationals to this country where they live in American homes. There is no membership requirement to be an "Experimenter," the program being open to any person between the ages of 18 and 30 with good character and personality traits, who would gain by such an experience.

The property in Brattleboro, the taxation of which is here involved, was acquired in various parcels between 1962 and 1965, and has a total area of 47.8 acres. In none of the deeds of conveyance to the Experiment was there any provision or limitation as to the use or purpose for which such lands could be used. The Brattleboro property is used by Experiment to accommodate its School for International Training. This division of Experiment was not formally or-

ganized until 1964, and conducts training programs for persons en-. rolled in the basic Experiment program, as well as such organizations as the Peace Corps, Agency for International Development, the African Scholarship Program of American Universities and for various colleges and universities.

Some of the programs at the School for International Training in recent years included threshold orientation for students coming to United States colleges under African Scholarship Program of American universities; a two-week evaluation of American culture and public education for 30 Japanese schoolteachers; specialized courses and seminars for Venezuelan architectural students and Brazilian medical students, and a twelve-week training program for Peace Corps volunteers bound for five different nations.

Both in dollar amount and number of student days *per annum,* Peace Corps training constitutes the major proportion of activity at the School for International Training. Experiment's land and facilities are used exclusively for the purposes recited in its Articles of Association. However, such land and facilities have been used upon request by some forty different organizations, including many colleges and universities, as well as such diversified groups as the Rotary Club of Brattleboro, the Vermont State Police, World University Service and the New England Homes for Little Wanderers.

The larger share in dollar amount of revenue taken in by Experiment is derived by contractual arrangement with organizations, such as with the United States for language and other training given to Peace Corps volunteers selected by the United States for service in foreign countries. Financial support is also received from contributions, foundation grants and endowment income.

In light of the factual background related above, we turn to consideration of the first question presented in the appeal. Did the Chancellor err in holding that the plaintiff's realty is not exempt from local property taxation under the provisions of Title 32, Sec. 3802(4) of Vermont Statutes Annotated, as the owner of real or personal estate granted, sequestered or used for public, pious or charitable uses?

It should be kept in mind that no question is presented here but what Experiment is a non-profit corporation organized for charitable purposes. We are concerned only with the problem of whether its Brattleboro property is entitled to be exempt from taxation under 32 V.S.A. Sec. 3802(4).

■ Our rule is that in construing statutes of exemption from taxation regard must be had for the settled rule that they are to be construed most strongly against those who claim the benefit. *Middlebury College* v. *Town of Hancock,* 115 Vt. 157, 163, 55 A.2d 194. But, while a statute providing for an exemption from taxation is to be strictly construed, the construction must be reasonable and not such as would defeat the purposes of the statute. *Troy Conference Academy and Green Mountain Junior College* v. *Town of Poultney,* 115 Vt. 480, 486, 66 A.2d 2.

The findings make clear that the property of Experiment in Brattleboro was not granted or sequestered for public, pious or charitable uses. It follows that the determination which had to be made by the Chancellor on this first question presented was the use to which the property was being employed by Experiment.

The pertinent provisions of 32 V.S.A. Sec. 3802(4) are as follows:

"The following property shall be exempt from taxation * * * (4) Real and personal estate granted, sequestered or used for public, pious or charitable uses; * * * and lands owned or leased by colleges, academies or other public schools."

However, we must also consider the provisions of 32 V.S.A. 3840, for as this Court pointed out in *Grand Lodge of Vermont F. & A. M.* v. *City of Burlington,* 104 Vt. 515, 520, 162 A. 368, our statutes relating to tax exemption must be construed as parts of one system. We quote this statute below:

32 V.S.A. Sec. 3840:
"When a society or body of persons associated for a charitable purpose, in whole or in part, including fraternal organizations, owns real estate used exclusively for the purpose of such society, body or organization, such real estate may be exempted from taxation, either in whole or in part, for a period not exceeding ten years, if the town so votes. Upon the expiration of such exemption, a town may vote additional periods of exemption not exceeding five years each."

In *Grand Lodge of Vermont F. & A. M.* v. *City of Burlington, supra,* as well as in *Fort Orange Council* v. *French,* 119 Vt. 378, 125 A.2d 835, these two sections have been construed with reference to

each other. These cases pointed out that 32 V.S.A. §3802, formerly V.S. 47 Sec. 649 was originally enacted at a far earlier date than 32 V.S.A. Sec. 3840 (formerly V.S. 47 Sec. 662), and that by the later enactment the general exceptions of the earlier enactment were modified and made less exclusive than the later one. If the facts in a given case are such that a given case falls within 32 V.S.A. Sec. 3840, then the provisions of that section are controlling and there can be no tax exemption without a vote of the town to that effect.

In *Fort Orange Council* v. *French, supra,* this Court had for consideration the question of whether the real and personal property owned by an incorporated council of the Boy Scouts of America, consisting of a camp in the Town of Stratton, was entitled to exemption from taxes under then V.S. 47 Sec. 649 (now 32 V.S.A. §3802(4)). The Chancellor who originally heard the case decided, in effect, that because the property was open to the use of Boy Scouts, other than those that belonged to the Council owning the property, it was not used exclusively for the purposes of the plaintiff charitable corporation and that the exemption found in 32 V.S.A. Sec. 3840 applied.

But this Court, in reversing the decree below, held that merely enlargening the use of the camp to Boy Scouts outside the membership of the council owning the property failed to demonstrate that the real and personal property was not used exclusively for the purposes of the organization. The key question presented is whether the property in question is used "exclusively for the purposes of such body or organization" stated the Court. Such use defeats an exemption unless voted by the town. As was said by Justice, later Chief Justice Hulburd, "the price of exclusiveness, however praiseworthy in motive, is taxes—unless the town specially votes an exemption." *Fort Orange Council* v. *French, supra.*

In considering whether or not Experiment's property in Brattleboro is used exclusively for the purposes of that organization it is necessary for us to keep in mind that our concern is only with the Brattleboro property which is used primarily to accommodate its School of International Living. Property owned by Experiment in the Town of Dummerston, as well as property in the Town of Putney, Experiment's headquarters, where are located conference halls, office buildings and other structures, are not shown as exempt on the grand list of either of these towns.

The facilities in Brattleboro include three 20-position language laboratories, class, seminar and recreation rooms; a specialized li-

brary; and six dormitories with living accommodations for some 200 students. The Chancellor found that the land and facilities are used exclusively for the purposes recited in its Articles of Association, but are available upon request for use by other persons and organizations.

Experiment asserts that it qualifies as a charitable organization under 32 V.S.A. Sec. 3802(4), in that it provides a benefit "conferred upon an indefinite class of persons who are a part of the public."

 The fact that Experiment has stated in its Articles of Association that it is a charitable organization, or that its income is exempt from taxation under the United States Code has no applicability to its claim that its real and personal property in Brattleboro is tax exempt as "used for public * * * or charitable uses." What is determinative of such claim is the direct and immediate use of the property itself. The test is not the ownership, but the use. *Grand Lodge of Vermont F. & A. M.* v. *City of Burlington, supra.* Further, it is the primary, as distinguished from an incidental use of the property, that determines whether it is exempt from taxation. *Gifford Memorial Hospital* v. *Town of Randolph,* 119 Vt. 66, 72, 118 A.2d 480. If the claimed exemption under this part of the statute is to apply the claimed use must be a public one. *Gifford Memorial Hospital* v. *Town of Randolph, supra.*

The findings are that the School, with which we are concerned, operates as a division of the Experiment, with its own staff and faculty. It conducts training programs for persons enrolled in the basic Experiment program, as well as for other organizations such as the Peace Corps. As we have already seen, both in dollar amount and number of student days *per annum,* Peace Corps training constitutes the major proportion of activity at the School for International Training. The training programs for organizations, such as the Peace Corps, are normally set up on a contract basis, and a sample of such contract is attached as an exhibit to the findings.

 This sample contract between the United States of America and Experiment sets forth in considerable detail the various educational, medical and other services which must be rendered by Experiment to the Peace Corps Trainees, under the $206,873.00 contract price. A significant provision of the contract, in light of Experiment's claim for exemption for property used for charitable or public uses,

is that it is the Peace Corps that selects those to receive the training which Experiment is to furnish under the contract, and not Experiment.

This use of its Brattleboro property by Experiment shown by the contract with the Peace Corps, does not disclose, under 32 V.S.A. §3802(4), use of the real estate and personal property entitling it to tax exemption. The benefits that are conferred by the use of the property are not conferred upon an indefinite class of persons who are a part of the public. See *Boyce et al. v. Sumner*, 97 Vt. 473, 478-479, 124 A. 853. Here the benefits of the property use are conferred upon a definite class of persons, namely, the Peace Corps trainees, who are not a part of the general public, but are persons selected by an agency, other than Experiment, to receive the benefits which Experiment's training can provide.

■ The findings state that the training programs for other organizations are also normally set up on a contract basis, of which the Peace Corps contract is an example. While the training furnished by Experiment at its facilities at Brattleboro is supplied on a non-profit basis, and possibly even at some monetary loss by Experiment, the beneficiaries of the use of the property are not members of the public at large, or an indefinite part of such public. The benefits are restricted to a very definite class of beneficiaries who are chosen by the contracting organizations for undisclosed reasons and purposes.

Under these facts, we can only conclude the use of the Brattleboro property is for the purposes of Experiment, as the findings state, and not for the benefit of an indefinite part of the public.

■ Experiment has called to our attention that a number of programs, other than those under the auspices of the Peace Corps, have also been held at its School for International Training at Brattleboro in recent years. Such programs have included a two-week evaluation of American culture and public education for 30 Japanese schoolteachers, a seminar on American architecture for Venezuelan students, and English language training for Brazilian medical students, as well as others. However, as has already been stated, it is the primary, rather than the incidental use of the property that determines whether it is exempt from taxation. The finding that Peace Corps training constituted the major proportion of activity at the School of

International Training makes clear that such training is the main activity at the school, and hence, the primary use of the property.

Our conclusion is that Experiment is not entitled to the exemption from taxation as "[being] used for public * * * or charitable purposes," under 32 V.S.A. Sec. 3802(4).

We next consider Experiment's claim that it is entitled to the exemption provided by such statute which exempts "lands owned or leased by colleges, academies or other public schools."

The findings make clear that Experiment used its real and personal property in Brattleboro, comprising its School for International Training, for educational purposes. This is also confirmed by the amendment of its Articles of Association in 1966, in which the following paragraph was added to such Articles:

"Establishing and carrying on a non-profit educational institution where students may obtain general and higher education, including the international aspects thereof; providing for the holding of lectures, classes, exhibits, public meetings, programs and conferences directly or indirectly to advance the cause of such education; giving instruction in subjects which relate to the preparation of individuals for international study, service, research, training and international aspects of professional and other fields of study; gathering, receiving and disseminating such information as may seem helpful in the instruction of students; conferring diplomas or other certificates denoting meritorious completion of studies upon those who become proficient in one or more branches of instruction offered."

The contention of Experiment is that it is conducting a "public school" at its School for International Living in Brattleboro, under 32 V.S.A. Sec. 3802(4), and is therefore, exempt from taxation and cites *Stowe Preparatory School, Inc.* v. *Town of Stowe,* 124 Vt. 392, 205 A.2d 544 in support of this contention.

In *Stowe,* this Court had the problem of deciding whether the plaintiff preparatory school was entitled to exemption from taxes under 32 V.S.A. Sec. 3802(4), the same statutory section which concerns us in the instant case. In the earlier case of *Troy Conference Academy and Green Mountain Junior College* v. *Town of Poultney,* 115 Vt. 480, 66 A.2d 2, this Court also considered a claim for exemption from taxes under the same statutory section. In the *Troy Academy* case, the petitioning educational institution was found to be a col-

lege, and not exempt from taxation under the statute, while in *Stowe,* the preparatory school was found to be exempt from taxation by virtue of 32 V.S.A. Sec. 3802(4).

The primary consideration in both of these cases was the effect on 32 V.S.A. Sec. 3802(4) of a subsequent enactment in 1941 of 32 V.S.A. Sec. 3831(a). This section, in substance, states that real property acquired by any college, university or fraternity after the date of enactment should become taxable unless specifically exempted by the vote of the town or city wherein it was located.

In *Troy Academy,* this Court declared that the Act of 1941 resulted from a legislative policy of "curtailing the exemption from local taxation of lands sequestered or used for public, pious or charitable uses, and of lands owned by colleges, academies or other public schools." Such policy was due, explained the opinion, because of the increasing cost of town and city government and the need for increased local revenue. *Troy Conference Academy and Green Mountain Junior College* v. *Town of Poultney, supra,* p. 490, 66 A.2d p. 9.

The opinion in *Troy Academy,* reaffirmed in *Stowe,* held that under provisions of 32 V.S.A. Sec. 3802(4) lands owned or leased by colleges, academies or other public schools, were exempt from taxation when this section was originally enacted. But the later enactment in 1941 of 32 V.S.A. 3831(a), real property acquired by any college, university or fraternity after that date became taxable unless specifically exempted by vote of the town or city. "To the extent of these exceptions or repugnancy the last statute modified the first." *Stowe Prep. School, Inc.* v. *Town of Stowe, supra,* 124 Vt. p. 396, 205 A.2d p. 546.

> "Under Section 3831(a) the intent to exclude real property of a college, university or fraternity from tax exemption is clear and unequivocal. It is equally clear that real estate owned or leased by public schools is exempt from taxation under the provisions of 3802(4)." *Stowe Prep. School, Inc.* v. *Town of Stowe, supra,* p. 396, 205 A.2d p. 546.

In *Troy Academy,* the educational institution there seeking tax exemption was found to be a college by virtue of the findings, and thus was not entitled to the relief sought. In *Stowe,* the findings demonstrated that the direct and immediate use of the property in question was devoted to college preparatory instruction, and that no

courses were offered at a college or university level. The Court concluded in the latter case that by reason of the use of the property of the preparatory school for the educational programs offered by it, it was not a college or university and the exemption given in 32 V.S.A. Sec. 3802(4) did apply.

The question now presented is whether the use of Experiment's real estate in Brattleboro is that of a college, or if such use is for a public school and therefore exempt from taxation under 32 V.S.A. Sec. 3802(4).

■ In connection with our consideration of this question, we again emphasize that it is the use of the property that must govern our decision on whether it is a college or a public school, and not the purposes set out in the Articles of Association. In the *Stowe* case the Articles of Association of the educational institution there involved did not exclude such institution from offering courses of a college or university level, but no courses of that higher level were offered.

The findings of fact here are that only persons between the ages of 18 and 30 are admitted to the Experiment program. Among the examples of programs at the School for International Living are orientation for students coming to the United States colleges under African Scholarship Program of American Universities, a two-week evaluation of American culture and public education for Japanese schoolteachers, training programs for Peace Corps volunteers, a seminar on architecture for Venezuelan students completing professional study in the United States and English language training for Brazilian medical students. The facilities have also been used, according to the findings, by some twenty educational institutions of college or university level.

In view of the findings as to the ages of the participants in the educational programs of Experiment, as well as the fact that instruction is offered to those already at a college or university level of education, and even to those who have had professional training, we conclude that Experiment's School for International Training is an educational institution at the college or university level and that all its property used for this purpose has been acquired since 1941.

Under 16 V.S.A. Sec. 791(1) appears the following definition of "public school," the pertinent part of which is set forth below:

"(1) 'Public School' shall mean any day or evening school conducted within the state * * * which provides elementary or secondary school training * * *."

■ The educational use of the School for International Living, based on the findings of fact, is not to provide elementary or secondary school training. The use of the property was to give higher educational training to those who were already at the college or university level of education. Therefore, we conclude that the property of Experiment in Brattleboro, by reason of the educational programs for which it is used, is not a public school, and is not exempt from taxation by virtue of 32 V.S.A. Sec. 3802(4).

In view of our holding that Experiment is not entitled to tax exemption under 32 V.S.A. Sec. 3802(4), it follows that Experiment is not entitled to recover its taxes heretofore paid to Brattleboro on account of property tax assessments.

*Having determined that the decree appealed from is warranted by the pleadings and supported by the findings of fact, the entry is "Decree Affirmed."* Fort Orange Council v. French, supra, 119 Vt. p. 379, 125 A.2d 835.