**The New York Institute for the Education of the Blind v. Town of Wolcott, Town of Wolcott School District, Floyd Buck, Robert Corley and John A. Young, listers, and Mary Gates, tax collector**

[262 A.2d 451]

No. 107-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 3, 1970

*Lee E. Emerson,* Barton, for Plaintiff.

*Robert A. Magoon,* Hyde Park, for Defendants.

**Keyser, J.** This is a proceeding in the Chancery Court for Lamoille County in which the plaintiff, The New York Institute for the Education of the Blind, seeks by a Petition for a Declaratory Judgment the determination that its property in the Town of Wolcott is exempt from taxation by said defendant town under 32 V.S.A. § 3802(4), and is entitled to recover certain taxes paid to the defendant under protest for prior years.

The Chancellor made findings based upon an agreed statement of facts filed by the parties. The judgment order of the Chancellor decreed that the plaintiff's real and personal property was exempt from taxation by the defendant town by virtue of 32 V.S.A. § 3802(4), that 32 V.S.A. § 3840 was inapplicable and ordered the defendant town to refund to the plaintiff taxes it had paid for the years 1966–1968. The order further enjoined the collection of taxes on plaintiff's property "in 1969 and thereafter" and provided that the grand list for the years 1966–1969 be corrected to show the exempt status of the plaintiff. The case is here on appeal by the defendants from the judgment order.

The central issue presented is whether the facilities of the plaintiff (Institute) are used for a purpose enumerated by Section 3802(4), *supra,* entitling plaintiff's property to be tax exempt, or whether 32 V.S.A. § 3840, *supra,* precludes exemption without a vote of the town.

The following facts summarize the findings of the Chancellor. The plaintiff is a non-profit corporation incorporated by special act of the legislature of the State of New York enacted in 1831 "for the purpose of instructing children who have been born blind, or who may have become blind by disease or accident." It operates under the supervision of the State Board

of Education of New York and is authorized under the laws of Vermont to conduct its activity in the town of Wolcott.

The Institute founded Camp Wapanacki in the town of Wolcott in 1937 and has operated it since that time administering to children, including Vermont children. Its remedial school with emphasis on the educational training of blind children began in 1962 and has grown and enlarged ever since. The school is one of a very few similar schools in the East.

Funds to operate the Institute are raised by private contributions and by public funds from the State Educational Department of New York, as with other public school facilities of that state. All of the plaintiff's employees are under the New York State Employees Retirement System. Further, public funds are paid to the Institute by the New York Education Department for conducting its project in the defendant town. For 1968 this amounted to $13,462.00, designated "Summer Remedial School for Blind Children." This grant was on a joint basis by New York state and the Federal Government to aid in the education of physically handicapped children. The Institute must function as a school to be entitled to receive public funds in New York and its annual budget requires approval by the Board of Education of New York. All income received by the plaintiff is used to accomplish its authorized purposes.

Two Vermont blind children attended the summer school session in 1968 and one in 1969. For the past thirty years two or three Vermont children have attended the school in New York. The cost for tuition in 1968 of $2,400.00 was paid by the Vermont Department of Education. The facility in Wolcott is operated on a separate budgetary basis. The cost of the Vermont program in 1968 was $62,000.00 for approximately 200 blind pupils who took the courses and participated in the programs offered at the camp. The enrollment has been growing each year and in 1969 blind students had to be turned away for lack of available facilities.

A representative of the New York Education Department checked on the plaintiff's summer curriculum at Camp Wapanacki until about three years ago. The Vermont Department of Social Welfare has assisted in the past in the supervision of the camp at the request of the state of New York.

The Institute has a husbandry program at its New York school which includes gardening and poultry raising. This per-

mits practical educational training for emotionally disturbed blind children and those with a lower than average I.Q. who may not qualify to take the regular course.

The camp school is open to all blind children, without charge, regardless of race, creed or color, or wherever residing.

The Institute is tax exempt as a charitable institution under the laws of both New York and Federal law and is also exempt from the payment of income taxes in Vermont.

The physical facilities at Camp Wapanacki consist of a school house with eight classrooms, a gymnasium or recreational hall, dining hall, infirmary, director's and councillors' cabins, lodge, 11 student cabins, and other structures, all necessary equipment, and about 170 acres of land which includes a pond of around 40 acres.

The camp maintains a staff of about fifty, one for about every four blind children. The facilities are especially designed for blind children and the training and instruction is supervised by trained teachers and councillors. The main emphasis is placed on the education of blind boys and girls to aid and assist them in obtaining the equivalent education that boys and girls with eyesight receive under our system of public education for all.

The summer session comprises eight weeks. Instruction is given in Reading and Writing, Written and Oral Expression, History, Braille, Mathematics, Spelling, Shop instruction, Musical Survey, Remedial instruction in Basic Skills, Abacus instruction, Social Studies and English. For intellectually superior blind children courses were also given in conversational French and Spanish, English, Social Sciences, Business Economics, Music and Arts and Crafts. These latter courses are provided to fit the blind boy or girl for college entrance. Courses are likewise planned for those students who need remedial instruction in basic tool subjects, such as Braille reading and writing, English, Mathematics, Basic Sciences and Languages. In addition, a program of camping activities is provided which consists of swimming, boating, riding, overnight camping trips, cookouts and dramatics.

The blind receiving instruction at plaintiff's premises in defendant town are not members of the plaintiff corporation, neither do they have to be. Some of the children come from as far away as Europe.

The State of Vermont is committed to a special education and rehabilitation program for Vermonters. This it must do in order to receive federal matching funds. When the State does not have adequate services of its own to treat the handicapped, it uses the facilities of other states. Educatable blind children resident in Vermont between the ages of 6 and 16 are pupils within the meaning of our public school law, entitled to public instruction the same as other children not handicapped. The plaintiff's operation in defendant town provides such facilities and has assisted the State Board of Education in meeting its responsibility to blind children.

The applicable provisions of 32 V.S.A. § 3802(4) are as follows:

3802. Property tax
"The following property shall be exempt from taxation . . . .
(4) Real and personal estate granted, sequestered or used for public, pious or charitable uses; . . . and lands owned or leased by colleges, academies or other public schools."

The appellants argue that plaintiff's tax status is controlled by a later enacted statute, 32 V.S.A. § 3840, not by Section 3802(4), and is quoted as follows:

3840. Charitable and fraternal organizations
"When a society or body of persons associated for a charitable purpose, in whole or in part, including fraternal organizations and volunteer fire companies, own real estate used exclusively for the purposes of such society, body or organization, such real estate may be exempted from taxation, either in whole or in part, for a period not exceeding ten years, if the town so votes. Upon the expiration of such exemption, a town may vote additional periods of exemption not exceeding five years each."

These statutes being related to tax exemption must be construed with reference to each other as parts of one system. They are to be construed most strongly against one who claims their benefit but, such construction must be reasonable and not such as would defeat the purposes of the statute. *International Living* v. *Brattleboro*, 127 Vt. 41, 45, 238 A.2d 782.

The intention of the Legislature must be ascertained and given effect. *Stowe Prep. School, Inc.* v. *Town of Stowe*, 124 Vt. 392, 396, 205 A.2d 544. Because 32 V.S.A. § 3840 was enacted later than 32 V.S.A. § 3802 the general exceptions of the earlier enactment were modified and made less inclusive by the later one. *Fort Orange Council* v. *French*, 119 Vt. 378, 382, 125 A.2d 835. Thus, if the facts in a given case are of a character that the case falls within 32 V.S.A. § 3840, the provisions of that section are controlling and there can be no tax exemption without a vote of the town to that effect. *Fort Orange Council* v. *French, supra; International Living* v. *Brattleboro, supra,* at page 46.

In each of the two last cited cases the plaintiff was a non-profit corporation organized for charitable purposes. In the case at hand, the plaintiff was chartered in 1831 by the New York legislature "for the purpose of instructing children" who are blind and operates under the supervision of the New York Board of Education. It thereby renders a public service to unfortunate handicapped children. The plaintiff here claims its property in the town of Wolcott is "used for public, ... uses" and, further, claims that it is not a charitable organization so that 32 V.S.A. § 3802(4) controls without modification by 32 V.S.A. § 3840.

In either event, whether the property is used for public or charitable purposes, the test of exemption under Section 3802(4) is the same. We said in *International Living* v. *Brattleboro, supra,* that "What is determinative of such claim is the direct and immediate use of the property. The test is not ownership but use." At the threshold lies the critical question —what is the use to which the Institute's property was being devoted. And it is the primary as distinguished from an incidental use of the property that determines whether it is exempt from taxation. *Gifford Memorial Hospital* v. *Town of Randolph*, 119 Vt. 66, 72, 118 A.2d 480.

In order to qualify on its claim for exemption under Section 3802(4), the property of the Institute must be used for public use and its use confer a benefit upon an indefinite class of persons who are a part of the public. *International Living* v. *Brattleboro, supra; Fort Orange Council* v. *French, supra.* See *Boyce* v. *Sumner,* 97 Vt. 473, 478–479, 124 A. 853.

The appellant's claim that 32 V.S.A. § 3840 applies here is rooted in the argument that the facilities of the Institute are "used exclusively for the purposes of the organization." They cite the case of *Fort Orange Council* v. *French, supra,* often referred to as the Boy Scout case, in support of their contention and draw analogies between that case and the instant case. They argue a similarity of purpose exists but this is not so. The objective of the Council is to develop character and usefulness of boys who belong to the Boy Scout organization. On the other hand, the purpose of the Institute is to instruct and educate blind children without restriction as to race, creed or any other limitation except for the capacity of its facilities. The scope of the use of its real estate by the Council was not extended to other than Boy Scouts. To use the words of Hulburd, J., later Chief Justice, in the *Fort Orange Council* case, *supra,* at page 384, this resulted in "a closed circle to those outside the organization." This court there held that the Council's property was "used exclusively for the purposes of such society, body or organization" and denied tax exemption to the Council under what is now 32 V.S.A. § 3802(4). For the same reason, tax exemption was also denied under 32 V.S.A. § 3802(4) in the *International Living* case, *supra.* There, the benefits of the property were conferred upon a definite class of persons, namely, trainees of the Peace Corps, who were not a part of the general public, but were selected by an agency.

The facts are persuasive in the case at bar that there is no "closed circle" present and this circumstance clearly distinguishes the *Fort Orange Council* and *International Living* cases from the instant case.

The appellants argue that the "use of the facilities as it applies to blind children," deals "with a definite class of people." We do not agree with this conclusion. Class is defined as "one group of a usually society-wide grouping of people according to social status, political or economic similarities, or interests or ways of life in common." Webster's Third New International Dictionary. The underlying principle stated in the *Fort Orange* and *International Living* cases, *supra,* is simply that class is a group determined by choice or selection and implies some kind of voluntary action or judgment. In this case to say that because a person is blind places him in a distinctive category or class of people under the law is unrealistic and

unfounded upon any standards or criteria pointed out by the appellants. Furthermore, there are no facts found which support appellants' contention.

The declared purpose of the Institute is to instruct blind children. While the operation of the Institute in Vermont is not that of a public school under 16 V.S.A. § 791 as the defendants urge, the Institute is a school for educating members of the public who because of blindness need specialized training in order that they may live a more normal and useful life. Their education would appear to be even more important than that of unhandicapped children. Blind children are admitted to the Institute to receive the education provided by the Institute even to the point for college entrance for intellectually superior children. These young people are just as much members of the general public as all other similar children having their eyesight who are individuals of our society. The blind children require a specialized kind of education which is not available in a public school. However, the service rendered by the Institute is the complement of such an education.

The findings amply demonstrate that the plaintiff uses its real and personal property at Camp Wapanacki "for public uses" within the meaning of 32 V.S.A. § 3802(4).

Defendants state in their brief that membership in an organization is not a test in classes dealing with tax exemption and is not to be considered. However, we point out that in both *Fort Orange Council* v. *French, supra,* and *International Living* v. *Brattleboro, supra,* the matter of membership in a particular group as a prerequisite to receiving the benefits of the property was an important, if not a deciding, factor in the decision of the court. There, as here, membership, or the lack of it, is a fact to be considered in deciding whether the use of the property is exclusively for the purposes of that organization.

Under the facts shown in the case, we can only conclude that the benefits of the property in question are "conferred upon an indefinite class of persons who are part of the public." It follows that this excludes the existence of a use "exclusively for the purposes of such society, body or organization" under Section 3840. The declaration in the Chancellor's decree that 32 V.S.A. § 3840 is inapplicable to plain-

tiff's situation is without error. *Boyce et al.* v. *Sumner,* 97 Vt. 473, 478–9, 124 A. 853; *Fort Orange Council* v. *French, supra; International Living* v. *Brattleboro, supra.*

In view of our holding it is unnecessary to consider the question raised by the plaintiff of whether the Institute is a public school within the meaning of 32 V.S.A. § 3802(4) and, therefore, exempt for this additional reason.

The findings support the decree of the Chancellor that the real and personal property owned by the plaintiff in the defendant Town of Wolcott is exempt from taxation by virtue of 32 V.S.A. § 3802(4). The decree is without error.

*The decree below is affirmed.*