# English Language Center, Inc. v. Town of Wallingford

[318 A.2d 180]

No. 139-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 2, 1974

*Joseph H. Badgewick, Esq.,* of *Ryan, Smith & Carbine,* Rutland, for Plaintiff.

*Bishop & Crowley,* Rutland, for Defendant.

**Shangraw, C.J.** This is an appeal from a judgment of the Rutland County Court declaring the real and personal property

of the appellee, English Language Center, Inc., to be exempt from property taxation.

The appellee is a non-profit Vermont corporation organized for the purpose of operating a training school for the teaching of English to persons whose native language is other than English. The corporation has no capital stock and in the event of dissolution, any excess monies are dedicated to the appellant Town of Wallingford. The appellee's operations are financed exclusively through tuition, fees, and other payments received from students. These amount to six hundred and seventy dollars per student each eight week period.

During the period of its existence, the appellee has trained approximately five hundred and fifty non-English speaking persons in the English language. The students are almost exclusively citizens of foreign countries seeking to learn English so that they may travel, study, or do business in English speaking countries. They are recruited through advertising in foreign countries and distribution of literature to embassies and consulates of foreign governments located in the United States.

The real and personal property owned by the appellee corporation has been listed in the Wallingford Grand List for the years 1970, 1971, and 1972, but the appellee has refused to pay any of the property taxes assessed thereon. On September 13, 1971, the appellee brought an action for declaratory judgment in the Rutland County Court, asking that it be declared exempt from property taxes under 32 V.S.A. § 3802(4). A hearing was held on February 21, 1973, and on March 26, 1973, the court issued its findings of fact, conclusions of law, and order. The court found that the appellee's property was exempt under the terms of 32 V.S.A. § 3802(4) as being used primarily for public or charitable purposes.

Appellant contends that such a conclusion is not supported by the findings of fact, and that appellee's property is not exempt from taxation under Vermont law. Specifically, appellant argues that the facts as found by the court establish that the principal and primary use of appellee's property confers no benefit to any person who has not paid full value therefor; provides no direct or immediate benefit to any part of the public within the intendment of the exemption statute; and

is not legally recognized as a public or charitable use, since it involves no lessening of any of the burdens of government.

32 V.S.A. § 3802(4) provides that the following property shall be exempt from taxation:

> (4) Real and personal estate granted, sequestered or used for public, pious, or charitable uses; . . . .

■ It is well settled that exemptions from taxation are to be strictly construed, and that no claim of exemption can be sustained unless within the express letter or necessary scope of the exempting clause. *In re Hickok's Estate*, 78 Vt. 259, 263, 62 A. 724 (1904). Appellee seeks an exemption for a public use, and although it is sometimes said that tax exemptions in favor of charitable, educational, or public uses are not to be construed with the same degree of strictness that exemptions in favor of property used for gain or profit are to be construed, it may nevertheless be stated as the general rule that exemptions for charitable, educational, or public uses are to be strictly construed against those who claim the exemption. 71 Am.Jur.2d *State and Local Taxation* § 362; *University of Vermont* v. *Town of Essex*, 129 Vt. 607, 285 A.2d 728, 55 A.L.R.3d 477 (1971).

■ The fact that the appellee has stated in its articles of association that it shall not be organized for profit has no applicability to its claim that its real and personal property in Wallingford is tax exempt as "used for public or charitable uses." What is determinative of such claim is the direct and immediate use of the property itself. The test is not the ownership, but the use. *The Experiment in International Living* v. *Town of Brattleboro*, 127 Vt. 41, 47, 238 A.2d 782 (1967).

■ In order to qualify on its claim for exemption under § 3802(4), the property of the appellee must be used for public use and its use confer a benefit upon an indefinite class of persons who are a part of the public. *The New York Institute for the Education of the Blind* v. *Town of Wolcott*, 128 Vt. 280, 285, 262 A.2d 451 (1970). The exemption from taxation for public uses involves an exercise of the state's governmental power with respect to its internal economy. Exemptions are granted for the performance of service essentially

public in nature on the theory that such service benefits the public generally and, in so doing, assumes a share of the public burden. As a general rule, exemptions for public use are granted only when and to the extent that they may be deemed to conserve the general welfare. See 71 Am.Jur.2d *State and Local Taxation* §§ 307, 362; 84 C.J.S. *Taxation* §§ 215, 216; *cf. Carter* v. *Whitcomb*, 74 N.H. 482, 69 A. 779 (1908).

The findings are that the appellee operates a training school, the purpose of which is to teach English as a second language. Since its incorporation, appellee, through its officers and employees, has trained approximately five hundred and fifty non-English speaking persons in the English language, only three or four of whom have been American citizens. Most of the persons trained by the appellee can be categorized as follows: young adults from foreign countries seeking to learn English in order to travel and/or do business in the United States; businessmen and professionals from foreign countries desiring to learn English for social reasons, or in order to travel and/or do business in the United States; and college students from foreign countries needing to learn English to study or travel in the United States under student exchange and foreign study programs.

Appellee's claim that it is entitled to an exemption within the intendment of 32 V.S.A. § 3802(4) is rooted in the argument that its activities come within the meaning of "public use" as that term is defined by the *Wolcott* case, *supra*. Specifically, appellee argues that its activities confer a benefit upon an indefinite class of persons who are part of the public, and that its exemption cannot be barred on the theory that non-English speaking persons constitute a definite class of persons, separate and apart from the general public. *Fort Orange Council* v. *French*, 119 Vt. 378, 125 A.2d 835 (1956); *The Experiment in International Living* v. *Town of Brattleboro, supra.*

While it is true that *Wolcott* turns on the matter of membership in a particular group, it is also apparent that it is not completely analogous to the case at bar. In *Wolcott*, the property of New York Institute for the Blind was declared tax exempt under the terms of 32 V.S.A. § 3802(4) as a public use. The declared purpose of the Institute was the education

of members of the public who, because of blindness, needed specialized training in order to lead a more normal and useful life. As a part of its program, the Institute operated a summer camp in Wolcott, Vermont. The Institute provided services that might otherwise have been required of the State of Vermont, and its services were financed in part with State funds. There was no question that the Institute's activities were essentially public in character.

There is a serious question, however, as to the public nature of the appellee's activities. The threshold question here is not whether appellee's activities confer a benefit on a definite or indefinite class of persons, but whether the persons benefited are members of the public at all. On the facts of this case, we think not. Appellee's operations are primarily directed toward citizens of foreign countries who desire to learn English in order to further their personal and private interests. Such activity is not of such a character as to be of any substantial benefit to the public of this state.

Whatever directly promotes individual interest, although it may also tend incidentally to the public benefit, is essentially a private, and not a public, activity. And, as it is the essential character of the activity that determines the validity of an exemption for public use, we find that appellee is not entitled to exemption from taxation under the terms of 32 V.S.A. § 3802(4).

*Judgment reversed.*