### Town of Williston v. Pine Ridge School, Inc.

[321 A.2d 24]

No. 138-73

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed June 4, 1974

*William E. Mikell, Esq.*, Burlington, for Plaintiff.

*James H. Wick, Esq.*, of *Dinse, Allen & Erdmann*, Burlington, for Defendant.

**Smith, J.** The exemptability under 32 V.S.A. § 3802(4) of the real property owned by a Vermont non-profit educational institution is the issue presented by this appeal. This section provides that among the property which is exempt from this State's property tax is:

> (4) Real and personal estate granted, sequestered or used for public, pious or charitable uses; . . . and lands owned or leased by colleges, academies or other public schools. . . .

The primary purpose of the Pine Ridge School is the remediation of specific, severe learning disabilities, such as dyslexia. The lot of a student with one of these learning disabilities is similar to that of a blind student in that he can acquire the same knowledge or education as an unhandicapped child if he attends a school which has the necessary expertise, trained personnel, and special programs. He cannot do so if he attends a school such as Williston High School, which lacks the capability to furnish him the special attention he needs.

The cost of tuition, room, and board at Pine Ridge for the nine-month school year is $7,000. The school does not receive public funds directly; that is, by virtue of the fact that it exists. However, it does receive state and federal funds in the form of tuition payments by virtue of the fact that students who qualify under state and federal standards for such funds attend. The treasurer of the school testified that approximately forty per cent of its gross revenues was received from various public sources.

The Town of Williston assessed the real property of the defendant for the years 1971 and 1972. None of these taxes

have been paid. The Town brought suit seeking to recover the taxes for these two years and to obtain a declaratory judgment that the defendant's property is not exempt.

The trial court concluded that the school was exempt under § 3802(4), both because the property was owned and operated as a "public school" and because the principal use of the property constituted a "public use". It also denied recovery of the taxes previously assessed.

The Town argued below, and argues here, that even if the school is exempt it cannot contest the 1971 and 1972 tax assessments because it did not comply with 32 V.S.A. §§ 5291–5292. Section 5292(a) provides:

> A taxpayer shall not contest the validity of any tax assessed against his person, personal property or real estate nor the validity of the action of the listers or selectmen in assessing such tax nor the validity of any grand list unless the taxpayer filed his objections to the validity thereof, in the office of the town clerk wherein the tax is assessed, within a period of two months from November 15 of each year in which the tax is assessed.

The record does not show compliance with this section by the school; nevertheless, the trial court determined that, in light of other correspondence between various representatives of the two parties, not necessary to detail here, the Town was at all times aware of the school's claim that it was exempt. Therefore, the lower court concluded that the Town was not entitled to a judgment by virtue of the school's failure to technically comply with the statute.

The Town has appealed from all three of the lower court's conclusions to this Court. Both parties have devoted the major portions of their briefs and argument to the issue of whether the property is exempt from taxation under the public use clause of 32 V.S.A. § 3802(4). They have locked horns over the significance of the facts, set forth at the beginning of this opinion, describing the nature, enrollment, and expense of the defendant school.

However, the declaratory judgment issue in this case is directly controlled by *Stowe Preparatory School, Inc.* v. *Town of Stowe*, 124 Vt. 392, 205 A.2d 544 (1964). In that case, a non-profit educational institution, offering a college prepara-

tory program and charging $2,200 for tuition, was held to be exempt from taxation under the public school clause of 32 V.S.A. § 3802(4). *Id.* 124 Vt. at 396. The Pine Ridge School, like the Stowe Preparatory School, is attended by students of elementary or high school age. These students can receive a high school diploma from Pine Ridge. The curriculum is the same as the curriculum at the schools they would attend if they were not handicapped.

The plaintiff questions the applicability of the *Stowe* case, arguing that the issue there was only whether the school was a college, with exemption dependent upon a vote by the Town's eligible voters under 32 V.S.A. § 3831(a), and that this Court held that since it was not a college, it was a public school, without considering whether it was properly characterized as a public school.

However, the *Stowe* decision invites its readers to see the case of *Willard* v. *Pike,* 59 Vt. 202, 9 A. 907 (1886). In that case the argument was advanced that the St. Johnsbury Academy could not be exempt from taxation because it was not free to the public, and the use of the phrase "or other public schools" meant that only academies that were free of charge would be exempt. In rejecting this contention, this Court construed the word "public" in the above-quoted phrase as follows:

> The word "public" in this statute, we hold, is not to be construed in the . . . sense [of being free of charge to the pupils], but in the sense in which academies are regarded as public institutions. It is not restrictive of what precedes, but is explained thereby; that is, public in the sense in which colleges and academies are public.

> No colleges or academies in this state are yet free to the public like our public schools; neither are they public corporations; therefore if the legislature intended by the phrase, "lands owned or leased by colleges, academies, or other public schools," only such colleges and academies as were free to the public without charge for tuition, or as were purely and technically public corporations like municipalities, the legislation was simply idle.

*Willard* v. *Pike, supra,* 59 Vt. at 216.

The Pine Ridge School is a public school under 32 V.S.A. § 3802(4), as the lower court correctly concluded. The lower court's Finding No. 18 that the property was used for the operation of a private school is not an inconsistency constituting reversible error, since the word "private" was used to distinguish the defendant from a school operated by a municipal corporation.

The plaintiff argues that the definition of "public school" in Title 16 should control. 16 V.S.A. § 11 provides:

> (a) For the purposes of this title, unless the context otherwise clearly requires:
>
> . . . .
>
> (7) "Public school" means elementary and high schools which are principally supported by public taxation or tuition payments derived from public funds.

For this Court to so rule would require it to overlook not only *Willard* v. *Pike, supra,* and the *Stowe* decision, but also *The Experiment in International Living, Inc.* v. *Town of Brattleboro,* 127 Vt. 41, 238 A.2d 782 (1968), and *The New York Institute for the Education of the Blind* v. *Town of Wolcott,* 128 Vt. 280, 262 A.2d 451 (1970). While in the *Experiment* case, "public school" for the purposes of 32 V.S.A. § 3802(4) was defined by quoting the pertinent part of 16 V.S.A. § 791(1), a forerunner of 16 V.S.A. § 11(a)(7), noticeably omitted from the "pertinent part" was the requirement that the school "receives its principal support from public funds." *Id.* 127 Vt. at 51–52. In the *New York Institute* case, this Court agreed with the defendant that the plaintiff was not a public school under 16 V.S.A. § 791. Shortly thereafter it stated that because the property was exempt as a public use it was not necessary to consider whether the plaintiff was a public school within the meaning of 32 V.S.A. § 3802(4). *Id.* 128 Vt. at 287, 288. If the definition of "public school" in Title 16 § 791(1) controlled for the purpose of 32 V.S.A. § 3802(4), the second statement in the *New York Institute* case would have been unnecessary. In light of this long-standing judicial interpretation from *Willard* v. *Pike, supra,* consistently followed in subsequent cases, we can once again justly refuse to hold that the definition of "public school"

in Title 16, a title concerned generally with the administration of Vermont's educational system, controls for the purposes of real property taxation under Title 32.

The review of past legislation in *Troy Conference Academy* v. *Town of Poultney*, 115 Vt. 480, 490-91, 66 A.2d 2 (1949), manifests that the Legislature is not averse to curtailing exemptions from taxation of property owned by educational institutions. "[I]t must be presumed that . . . changes made in the law were made in the light of the relevant decisions of this Court." *State* v. *Anair*, 123 Vt. 280, 281, 181 A.2d 61 (1962). Aware of *Willard* v. *Pike, supra,* the Legislature could have paved the way for a result opposite from the one subsequently reached in the *Stowe* case by curtailing the exemption independent of town vote for schools such as the Stowe Preparatory School when it enacted 32 V.S.A. § 3831 (a). It did not do so, of course, *Stowe Preparatory School* v. *Town of Stowe, supra,* 124 Vt. at 396, and has not since done so. We cannot be persuaded that the Legislature, by its enactment of 16 V.S.A. § 11(a)(7), a definitional provision explicitly "for the purposes of this title", intended to bring about a result it could achieve more logically and directly by amendment of 32 V.S.A. § 3831(a) or, for that matter, of 32 V.S.A. § 3802(4) itself.

Moreover, even if the law were otherwise, and we were required to consult Title 16, we would have to consider the effect of 16 V.S.A. § 3441(2), wherein "public school" is defined to include "a private school to which a Vermont school district pays tuition from public funds on behalf of a pupil." Pine Ridge School receives such funds.

As we hold that the property involved is exempt because owned by a public school for educational purposes under § 3802(4), we need not discuss the "public use" issue. The various clauses of § 3802(4) are disjunctive, not conjunctive. See *The New York Institute for the Education of the Blind* v. *Town of Wolcott, supra,* 128 Vt. at 288.

 We have now reached the point where:

[T]he town is reduced to the technical contention that, because the [School] did not object to the validity of the assessment of [the 1971 and 1972] taxes in a proper way, it cannot be heard to complain, under 32 V.S.A.

§ 5292, and *Braune* v. *Rochester*, 126 Vt. 527, 237 A.2d 117 (1967); *City of Winooski* v. *Mutte*, 125 Vt. 463, 218 A.2d 458 (1966); and *Dike* v. *McCormick, Collector of Taxes for the Town of Bristol*, 64 A.2d 769 (Vt. 1970).

But these sections of the statutes and cases relate only to disputing or contesting "the validity" of a tax by a taxpayer. No exempt owner can be a "taxpayer" within 32 V.S.A. § 5292. . . .

*Town of Bristol* v. *United States*, 315 F.Supp. 908, 911 (D. Vt. 1970). See also *Poulin* v. *Towns of Danville and Cabot*, 128 Vt. 161, 167, 260 A.2d 208 (1969). The legislature could not have intended, when it enacted 32 V.S.A. §§ 5291 and 5292, that the procedural requirements that must be satisfied by contesting taxpayers must also be satisfied by those who have a good faith claim that they should not be taxpayers at all.

*Judgment affirmed.*