# Brattleboro Child Development, Inc. v. Town of Brattleboro

[416 A.2d 152]

No. 263-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 3, 1980

*McCarty & Rifkin,* Brattleboro, for Plaintiff.

*John S. Burgess,* Brattleboro, and *Richard F. Taylor* (On the Brief), Middlebury, for Defendant.

**Billings, J.** This case arises as a result of the petition of the plaintiff-appellant Brattleboro Child Development, Inc. (BCD) for property tax exemption pursuant to 32 V.S.A. § 3802(4). The petition was denied at the administrative level below, and the defendant's opposition to the exemption prevailed in the superior court.

BCD operates a child care facility in Brattleboro in a building it acquired in 1976. It was subsequently assessed $969.00 in property taxes for the tax year 1978 and has paid the taxes since then under protest. The plaintiff asserts tax exempt status under 32 V.S.A. § 3802(4) for "[r]eal and personal estate granted, sequestered or used for public, pious or charitable uses; . . . and lands owned or leased by colleges, academies or other public schools." The Town of Brattleboro contends that the BCD facility is not used for public uses or schooling.

The facts found below are not in dispute as the plaintiff concedes that the trial court "found substantially all of the facts requested" by it. These findings indicate that the plaintiff is a "charitable organization" for federal tax purposes, which is regulated by the federal government, the state department of education and the Vermont Social and Rehabilitation Services (SRS), and receives funding from SRS, the United Way, private donations and tuition. The staff offers what are called "prereading, pre-math, social development, nutrition and health screening" programs. As a result of these programs BCD has referred some children to schools for the deaf and centers for child development. The critical finding of fact is as follows:

> The primary use and purpose of the plaintiff's facilities is to provide day-care services for the children of working parents and guardians. Most of the children that attend the plaintiff's day care center come from one parent families. Much of the program provided by the plaintiff for the children would be provided by the parents if they didn't work.

It is principally upon this finding that the court concluded that the service performed by BCD is not a public or educational use, but rather is an activity which promotes the individual and private interest of parents who work. The court held,

therefore, that "[w]hat benefit the general public does receive is incidental only."

In order for the appellant to qualify for an exemption under 32 V.S.A. § 3802(4) it must have established facts sufficient to bring itself within the clear meaning of the exemption, because tax exemption statutes are strictly construed by confining their meaning to the express letter or necessary scope of their language. *English Language Center, Inc.* v. *Town of Wallingford,* 132 Vt. 327, 329, 318 A.2d 180, 182 (1974) ; *Stowe Preparatory School, Inc.* v. *Town of Stowe,* 124 Vt. 392, 396, 205 A.2d 544, 546 (1964).

Exemption under 32 V.S.A. § 3802(4) for public uses or public schools requires a different standard of proof than that needed for federal tax exemption. *Fletcher Farm, Inc.* v. *Town of Cavendish,* 137 Vt. 582, 584, 409 A.2d 569, 570 (1979); *In re Aloha Foundation, Inc.,* 134 Vt. 239, 241, 360 A.2d 74, 76 (1976). The plaintiff must show that the use of the subject property confers a benefit upon an indefinite class of persons who are part of the public. *English Language Center, Inc.* v. *Town of Wallingford, supra; New York Institute for the Education of the Blind* v. *Town of Wolcott,* 128 Vt. 280, 285, 262 A.2d 451, 454 (1970).

The term "public" when used in the context of tax exemption has an elusive meaning, but excluded from its purview are those uses or activities which, although some of them might benefit a broad indefinite class of persons who are part of the general public, do not in fact do so. It excludes those uses or activities for which, because of the nature of the use or activity, the structure of the administering organization, or the manner of administering the use or activity, the benefit is in fact available only to a class of persons who form a closed circle of beneficiaries designated by a judgmental selection process. *Vermont Wild Land Foundation* v. *Town of Pittsford,* 137 Vt. 439, 443, 407 A.2d 174, 177 (1979); *New York Institute for the Education of the Blind* v. *Town of Wolcott, supra,* 128 Vt. at 286, 262 A.2d at 455.

This Court has denied exemptions where the beneficiaries of the use or activity were restricted to members of a particular organization, *Fort Orange Council, Inc.* v. *French,* 119 Vt.

378, 125 A.2d 835 (1956), or were selected by particular organizations, *Experiment in International Living, Inc.* v. *Town of Brattleboro*, 127 Vt. 41, 238 A.2d 782 (1968); *Vermont Wild Land Foundation* v. *Town of Pittsford, supra*, 137 Vt. at 444, 407 A.2d at 177. Exemption has been allowed, on the other hand, where the beneficiaries of the use or activity were, because of their blindness, a subgroup of the general public, but nevertheless an indefinite class. *New York Institute for the Education of the Blind* v. *Town of Wolcott, supra*. See also *Town of Williston* v. *Pine Ridge School, Inc.*, 132 Vt. 439, 321 A.2d 24 (1974).

These interpretations of 32 V.S.A. § 3802 reflect the underlying economic theory of property tax exemption expressed in our statutory scheme. *Vermont Wild Land Foundation* v. *Town of Pittsford, supra*, 137 Vt. at 443, 407 A.2d at 177. Historically, the exemption was extended to lands used for support of schools and churches believed necessary for the encouragement of settlement in colonial and independent Vermont. *Broughton* v. *Town of Charlotte*, 134 Vt. 270, 272–73, 356 A.2d 520, 522 (1976). Balanced against this interest is the increasing cost of town and city governments and the services which they provide. *Experiment in International Living, Inc.* v. *Town of Brattleboro, supra*, 127 Vt. at 50, 238 A.2d at 788. In order to preserve this balance in a manner which permits the municipality to provide itself essential services without necessarily burdening enterprises that aid the municipality in this delivery of services the legislature has extended property tax exemptions only "for the performance of service essentially public in nature on the theory that such service benefits the public generally and, in so doing, assumes a share of the public burden." *Vermont Wild Land Foundation* v. *Town of Pittsford, supra* (quoting *English Language Center, Inc.* v. *Town of Wallingford, supra*, 132 Vt. at 329–30, 318 A.2d at 182).

Consistent with this theory, this Court has strictly construed tax exemption statutes, *English Language Center, Inc.* v. *Town of Wallingford, supra*, 132 Vt. at 329, 318 A.2d at 182, in order to avoid substituting the social or economic wisdom of judges for the determinations of the legislature. Moreover, inasmuch as all statutes that relate to property tax exemption are to be construed with reference to each other as parts of one system this Court's construction of 32 V.S.A. § 3802(4) must be made

with due respect for the legislature's determination that those charitable organizations which are described by 32 V.S.A. § 3840, but which may or may not qualify for exemption under other provisions of our law, are exempted only upon the vote of the municipality where they are located. *New York Institute for the Education of the Blind* v. *Town of Wolcott, supra,* 128 Vt. at 284, 262 A.2d at 454; cf. *Fletcher Farm, Inc.* v. *Town of Cavendish, supra* (32 V.S.A. § 3832(7) controls over 32 V.S.A. § 3802(4)). This provision provides for local determination of whether particular uses so benefit the community as to justify a tax exemption. It is not for this Court to interfere with the orderly process of recognizing new types of services as so beneficial to a significant part of a local community as to allow this exemption where the uses are merely charitable and not public.

In the instant case, the plaintiff has not controverted the findings of fact below. These findings are controlling on review, *Hopkin* v. *Goetz,* 132 Vt. 581, 582, 326 A.2d 12, 13 (1974), and will be read to support the judgment if they reasonably may be. *First Vermont Bank & Trust Co.* v. *Village of Poultney,* 134 Vt. 28, 35–36, 349 A.2d 722, 728 (1975). The plaintiff's claim that the BCD facility is a service to the general public is not supported by the findings. To the contrary, the findings make it clear that the facility performs functions which are frequently performed in the home by parents or babysitters and is used mostly by working single parents.

The plaintiff has contended that the BCD services are beneficial to the general public because they allow single working parents the opportunity to enter the work force. While this is a salutary effect which may result in a reduction in welfare and unemployment compensation paid by the state and federal governments, the particular function of child day care is not now recognized as an obligatory municipal service in this state. BCD does not, therefore, assume a burden of the municipality to provide a service which the legislature has determined to be an essential governmental function.

Contrary to the plaintiff's contention, day care for the children of working parents is not a service equivalent to the education of the blind. In *New York Institute for the Education of the Blind* v. *Town of Wolcott, supra,* 128 Vt. at 284,

262 A.2d at 454, an exemption was allowed because the Institute performed services for the blind which would otherwise have been performed by publicly funded and managed schools pursuant to state and federal law. The same theory explains the exemption for property used for service of the disabled in *Town of Williston* v. *Pine Ridge School, Inc., supra.* BCD, however, performs services which from the record no agency of government appears required to provide the public, even though the government may promote such services where privately offered.

This conclusion is not changed by the fact that the plaintiff claims to provide educational services. The controlling findings below indicate that BCD offers the same sort of educational experience as is usually obtained in a home where one parent does not have outside employment. This Court does not view this finding as a socioeconomic balancing of a parent's necessity or choice to work against the home life experiences provided in a nonworking parent situation. To do so would impose judicially a theory of socioeconomics not sanctioned by the legislature. Rather, this finding is read to mean that the services provided by BCD are not of the sort the legislature has made obligatory on an agency of government for the benefit of children generally as is the case with a municipally funded and mandated public school system.

This is so even though the licensing and funding agencies of government have put certain requirements on the appellant's delivery of services, because those services are not obligatory public services. The existence of governmental licensing and funding is evidence that the state has an interest in promoting the services provided by BCD, but, like the effect of giving certain parents the opportunity to enter the work force, this fact does not establish those services as essentially public.

> [T]he governing consideration is the direct and immediate, rather than the remote or incidental, benefit derived from the use of the property. *Shelburne Museum, Inc.* v. *Town of Shelburne,* 129 Vt. at 346, 278 A.2d at 721. "Whatever directly promotes individual interest, although it may also tend incidentally to the public benefit, is essentially a private, and not a public, activity." *English Lan-*

*guage Center, Inc.* v. *Town of Wallingford, supra,* 132 Vt. at 331, 318 A.2d at 183.

*Vermont Wild Land Foundation* v. *Town of Pittsford, supra,* 137 Vt. at 444, 407 A.2d at 177. The conclusion below that the BCD services provide an essentially private benefit is supported by the findings. BCD's "endeavors are admirable, [but] the benefit to the public is too tangential to require the support of the community" under 32 V.S.A. § 3802(4). *Id.*

*Affirmed.*