## Pizzagalli Construction Company v. Town of Whitingham

[505 A.2d 678]

No. 83-247

Present: Allen, C.J., Hill, Underwood and Gibson, JJ., and
Martin, Supr. J., Specially Assigned

Opinion Filed January 17, 1986

*Matthew I. Katz* of *Latham, Eastman, Schweyer & Tetzlaff*,
Burlington, for Plaintiff-Appellant.

*Kenneth V. Fisher, Jr.,* Brattleboro, for Defendant-Appellee.

**Underwood, J.** This case involves an appeal by the Pizzagalli
Construction Company (taxpayer) from a decision by the State
Board of Appraisers (Board) upholding the method used by the
Town of Whitingham (Town) to assess the value of construction
equipment leased by the taxpayer and located in the Town on
April 1, 1981. Taxpayer on appeal contends first, that each item
of its rental equipment is exempt from taxation pursuant to 32
V.S.A. § 3802(8), and second, that the Board failed to consider
the appropriate listing ratio as applied to comparable equipment
located within the Town. We agree with the taxpayer's first con-
tention and reverse.

The New England Power Company hired the taxpayer for construction work on the Harriman Dam located within the Town of Whitingham. In order to complete the project during the 1981 construction season, the taxpayer leased the following equipment from an out-of-state source: ten dump trucks, two rollers, a power shovel and a backhoe.

The Town appraised and sought to tax this equipment. The taxpayer appealed this assessment to the Whitingham Board of Civil Authority, and the Board, after correcting a mathematical error, upheld the assessment. The taxpayer appealed the decision, pursuant to 32 V.S.A. § 4461, to the Director of the Division of Property Valuation and Review, who referred the appeal to the State Board of Appraisers. The Board affirmed that the property was taxable and made an adjustment to the market and assessed values.

■ The taxpayer contends that its particular equipment is exempt from property taxation by the Town under the provisions of 32 V.S.A. § 3802(8).[1] This statute operates to exempt from taxation "automobiles and motor vehicles" and "motorized highway-building equipment . . . as defined in section 4(19) and (31) of Title 23 required to be registered as motor vehicles."

The ten dump trucks leased by the taxpayer and taxed by the Town are motor vehicles within the meaning of this exemption. They are diesel powered vehicles on rubber tires designed for the transportation of waste fill. A vehicle is defined as: "A means of carrying or transporting something: conveyance: as a: motor vehicle . . . ." Webster's New Collegiate Dictionary 1287 (1981).

The other pieces of equipment leased and taxed are included within the description of the equipment contained in the definition of "motorized highway building equipment" in 23 V.S.A. § 4(19) and are therefore exempt from taxation under 32 V.S.A. § 3802(8) if they are required to be registered as motor vehicles. All vehicles propelled or drawn by power are required to be registered, 23 V.S.A. § 301, except "motorized highway building equip-

---

[1] Title 32 V.S.A. § 3802(8) provides in part:

The following property shall be exempt from taxation:

. . . .

(8) . . . aircraft, automobiles and motor vehicles, but not including trailer coaches; and motorized highway-building equipment and road-making appliances as defined in section 4(19) and (31) of Title 23 required to be registered as motor vehicles . . . .

ment" and other exceptions not applicable here. 23 V.S.A. § 4(21). This equipment falls within the definition of "motorized highway building equipment" for registration purposes only when "being used exclusively for the building, repair or maintenance of highways . . . ." 23 V.S.A. § 4(19). The vehicles sought to be taxed were not being so used, were therefore required to be registered, and fall within the exemption from taxation.[2]

■ The Town argues that the equipment was construction equipment within the meaning of 32 V.S.A. § 3603(a)[3] and therefore taxable. However, section (b) specifically provides that it shall not be construed to amend section 3802 of Title 32. Statutes relating to property tax exemption are to be construed with reference to each other as parts of one system. *Brattleboro Child Development, Inc.* v. *Town of Brattleboro*, 138 Vt. 402, 405, 416 A.2d 152, 154 (1980). This rule of construction and the statute itself limit the application of the provisions of 32 V.S.A. § 3603(a) to construction equipment not otherwise exempt. In view of our holding on this first issue, we need not address the second issue raised on appeal.

*Cause reversed and remanded to the Director, Division of Property Valuation and Review, who shall direct the entry of taxpayer's construction equipment on the grand list of the Town of Whitingham, for the year 1981, as being tax exempt.*

---

[2] Although it may be the case that the construction equipment leased by taxpayer in the present case should have been registered pursuant to 23 V.S.A. § 301, any failure of the responsible party to do so does not affect the exemption under the tax statutes.

[3] Title 32 V.S.A. § 3603 provides in part:

(a) Construction equipment and other personal estate used in the construction or repair of highways, dams, reservoirs, public utilities or buildings shall be listed and taxed on the same basis as other personal estate in the town in which it is located on April 1. . . .

(b) Nothing herein shall be construed to tax as personal property registered automobiles or motor vehicles owned or used by public utilities authorized to do business in the state in the maintenance or construction of their properties nor shall this section be construed to amend section 3802 of this title.