# Roy McAllister v. AVEMCO Insurance Co.; Ralph Demers; Robert Peters and Clark Irons, Jr.

[528 A.2d 758]

No. 86-062

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**[1]

Opinion Filed May 8, 1987

*Sylvester & Maley, Inc.*, Burlington, for Plaintiff-Appellant.

*Robert Reis* of *Dick, Hackel & Hull*, Rutland, for Defendant-Appellee AVEMCO.

**Allen, C.J.** The plaintiff appeals from a determination by the trial court that an aviation policy issued by the defendant

---

[1] Justice Hayes was present at oral argument but did not participate in this decision.

Avemco Insurance Co. (Avemco) was voided by a misrepresentation made by the plaintiff in the application form. We affirm.

The aircraft owned by the plaintiff crashed causing extensive damage to the aircraft, damage to a building, and injuries to the pilot and two passengers. The aircraft had been insured by Avemco from 1980 until 12:01 a.m. on May 25, 1983, when the policy expired. On the day the insurance was to expire the plaintiff completed and returned a renewal proposal to Avemco. This form included four questions to the plaintiff, one of which asked whether his aircraft had passed an annual inspection in the last twelve months. It is uncontested that the plaintiff answered "yes." In fact, the aircraft had not been inspected in the previous twelve months. There was no evidence that the cause of the crash was in any way related to the failure to have an annual inspection.

The insured contends that the insurer was required to establish a causal connection between the misrepresentation and the loss that occurred. Avemco, through its president, testified that the affirmative answer to the question of whether the aircraft had been inspected materially affected its acceptance of the risk. The trial court found that Avemco would not insure uninspected aircraft, that "there [was] no doubt but that the plaintiff's representation that his plane was inspected influenced the defendant's decision to issue the policy," and that the misrepresentation did, therefore, materially affect its acceptance of the risk. On that basis, the trial court declared the policy void ab initio.

The effect of false statements in applications for liability insurance policies is governed by 8 V.S.A. § 4205.[2] This statute does not require the insurer to show that the misrepresentation was causally related to the loss that occurred; the burden upon the insurer is met when it is established that there is a causal connection between the misrepresentation and the insurer's decision to issue a policy.

Our primary objective in interpreting the meaning of this statute is to give effect to the intent of the legislature. *In re A.C.*,

---

[2] 8 V.S.A. § 4205, "Effect of false statement in application," provides:

The falsity of a statement in the application for a policy covered by such provisions [Chapter 113, Title 8: Liability Insurance] shall not bar the right to recovery thereunder unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by insurer.

144 Vt. 37, 42, 470 A.2d 1191, 1194 (1984). We will only expand the plain meaning of a statute by implication when necessary to make the statute effective. See *State* v. *Kerr*, 143 Vt. 597, 605, 470 A.2d 670, 674 (1983). This is not such a case.

A material misrepresentation in an application for liability insurance under 8 V.S.A. § 4205 is grounds for declaring the policy void ab initio. *Fireman's Fund Insurance Co.* v. *Knutsen*, 132 Vt. 383, 387-88, 324 A.2d 223, 227 (1974). An insured, through his answers, " 'assume[s] to have knowledge respecting matters such as the insurance company might reasonably suppose to be within his knowledge.' " *Id.* at 392, 324 A.2d at 229 (quoting *New York Life Insurance Co.* v. *McLaughlin*, 112 Vt. 402, 407, 26 A.2d 108, 111 (1942)). It makes no difference under Vermont law that the misrepresentation was innocently made. *Id.* at 393, 324 A.2d at 230.

Whether or not the insurer can void the policy in this case depends on the materiality of the misrepresentation. The focus under 8 V.S.A. § 4205 is on the nexus between the false statement and the insurer's decision to issue a policy, not between the false statement and the ultimate loss.

The trial court's order is amply supported by the record. *Whipple* v. *Lambert*, 145 Vt. 339, 341, 488 A.2d 439, 440 (1985).

*Affirmed.*