City of Winooski and Raymond J. Clavelle, Sr., as Delinquent Tax Collector v. City of Burlington

[575 A.2d 199]

No. 89-151

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed May 11, 1990

*William E. Wargo*, Winooski City Attorney, Winooski, for Plaintiffs-Appellants.

*Joseph E. McNeil* and *William F. Ellis* of *McNeil & Murray*, Burlington, for Defendant-Appellee.

**Peck, J.** The City of Winooski appeals the trial court's decision that imaginary surfaces extending from the Burlington International Airport into airspace over Winooski cannot be assessed and taxed by the City under 32 V.S.A. § 3659. We affirm.

Federal Aviation Regulation 14 C.F.R. § 77.25 (1989) creates certain finite civil airport "imaginary surfaces" above the earth's surface extending out from the airport and its runways for airplane takeoff and landing. Winooski contends that these extensions of the airport are measurable and taxable under 32 V.S.A. § 3659 because they project into the airspace above the city. The City of Winooski and its collector of delinquent taxes sought a declaration that the airspace in question could be assessed and taxed under the statute, and demanded judgment against the City of Burlington for alleged delinquent property taxes. Burlington responded with a motion to dismiss. The superior court granted the motion, ruling that the imaginary surfaces above Winooski were not land subject to taxation under the statute. This appeal followed.

■  The surfaces encroaching on Winooski's airspace are required and established by *federal* regulations, not by the City of Burlington. Burlington has no property interest in this airspace, and has acquired nothing outside its territorial limits within the meaning of 32 V.S.A. § 3659, which provides that "[l]*and* and buildings of a municipal corporation . . . situated outside of its territorial limits shall be taxed by the municipality in which such land is situated." (Emphasis added.) The taxing power granted by this section is to be strictly construed. *City of Montpelier v. Town of Berlin*, 143 Vt. 291, 293, 465 A.2d 1104, 1105 (1983).

■  Despite appellants' imaginative and effective presentation, we are unwilling to usurp the Legislature's role by a liberal interpretation of the statute, and decline to hold that the "imaginary surfaces" above the airport constitute "land" within the meaning of 32 V.S.A. § 3659. We are convinced that the novel facts and the claims made in this case were not anticipated by the Legislature when § 3659 was enacted. A statute

which does not contemplate a particular question will not be extended by the courts to cover an unforeseen situation. See *In re Knapp*, 152 Vt. 59, 66, 564 A.2d 1064, 1067 (1989). For us to do so, certainly in this case, would constitute impermissible judicial legislation, invade the province of the Legislature, and violate the separation of powers doctrine. Courts will not, and undoubtedly should not, amend laws enacted by the Legislature under the guise of statutory construction. "We will only expand the plain meaning of a statute by implication when necessary to make the statute effective." *McAllister v. AVEMCO Ins. Co.*, 148 Vt. 110, 112, 528 A.2d 758, 759 (1987).

This Court is satisfied that the airspace involved in this case does not meet the definition of taxable property under § 3659.

*Affirmed.*