## Lincoln Street, Inc. v. Town of Springfield, Vermont, Bonnie Greer, Delinquent Tax Collector and John O'Brien, Finance Director

[615 A.2d 1028]

No. 91-179

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed September 4, 1992

*Agnes S. Hughes* and *George W. Lamb* of *Lamb & Hughes, P.C.*, Springfield, for Plaintiff-Appellant.

*Stephen S. Ankuda* of *Parker & Ankuda, P.C.*, Springfield, for Defendants-Appellees.

**Johnson, J.** Plaintiff, Lincoln Street, Inc., appeals a decision granting summary judgment in favor of the Town of Springfield. At issue is whether property owned by private individuals and leased to a nonprofit organization for public or charitable use is exempt from property tax pursuant to 32 V.S.A. § 3802(4). The trial court held that, because Lincoln Street leases the subject property from private owners, the property does not qualify for a public use tax exemption. We affirm.

The facts are not in dispute. Lincoln Street is a private, nonprofit Vermont corporation that serves mentally retarded persons in Windham and Windsor Counties by operating a number of group residential homes. Lincoln Street leases one such property from Stephen and Truddi Greene. The terms of the lease agreement obligate Lincoln Street to pay annual personal and real property taxes assessed against the Greenes' property by the Town of Springfield. Lincoln Street requested that Town

exempt the property from such taxes, but the Town refused. Instead, the Town placed a $577,000 attachment on the property to insure the payment of back taxes. Lincoln Street subsequently sought a declaratory judgment regarding the tax exempt status of the leased property. The Town moved to dismiss or, in the alternative, for summary judgment. The trial court held that Lincoln Street's request for a property tax exemption was foreclosed by the definition of "public use" developed by this Court in *American Museum of Fly Fishing, Inc. v. Town of Manchester*, 151 Vt. 103, 110, 557 A.2d 900, 904 (1989), and granted summary judgment in favor of the Town.

■ To prevail on a motion for summary judgment, the moving party must show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Kelly v. Town of Barnard*, 155 Vt. 296, 299, 583 A.2d 614, 616 (1990).

At issue is the interpretation of the first clause of 32 V.S.A. § 3802(4),* which provides a tax exemption for "[r]eal and personal estate granted, sequestered or used for public, pious or charitable uses." The first clause of subsection (4), unlike subsequent clauses, contains no express requirement of ownership. Two years before Lincoln Street entered into its lease agreement, we considered at length the legislative and common law

---

* The following property shall be exempt from taxation . . .

(4) Real and personal estate granted, sequestered or used for public, pious or charitable uses; real property owned by churches or church societies or conferences and used as parsonages and personal property therein used by ministers engaged in full time work in the care of the churches of their fellowship within the state; real and personal estate set apart for library uses and used by the public and private circulating libraries, open to the public and not used for profit; lands leased by towns or town school districts for educational purposes; and lands owned or leased by colleges, academies or other public schools or leased by towns for the support of the gospel; and lands and buildings owned and used by towns for the support of the poor therein; but private buildings on such lands shall be set in the list to the owners thereof, and shall not be exempt. The exemption of lands owned or leased by colleges, academies or other public schools, shall not apply to lands or buildings rented for general commercial purposes, nor to farming or timber lands owned or leased thereby; but this provision shall not affect the exemption of so-called school or college lands, sequestered to such use prior to January 28, 1911. 32 V.S.A. § 3802(4).

history of the statute and determined that, since at least 1886, three guiding principles were explicit or implicit in all decisions of this Court construing the legislative purpose of § 3802(4). *American Museum of Fly Fishing*, 151 Vt. at 110, 557 A.2d at 904. Consequently, we clarified the interpretation of § 3802(4) by establishing a three-part test for determining whether a use is "public":

> (1) the property must be dedicated unconditionally to public use; (2) the primary use must directly benefit an indefinite class of persons who are part of the public, and must also confer a benefit on society as a result of the benefit conferred on the persons directly served; and (3) the property must be owned and operated on a not-for-profit basis.

*Id.*

Lincoln Street asks us to overrule *American Museum of Fly Fishing* and all other decisions that require a concurrence of ownership and operation as a qualification for a public or charitable use exemption. Lincoln Street argues that the plain meaning of the first clause, when read independently, establishes direct and immediate use of property as the sole criterion for property tax exemption. Secondly, Lincoln Street argues that case law before *American Museum of Fly Fishing* specifies use, not ownership, as the test. Lastly, Lincoln Street argues that the trend in other jurisdictions is away from requiring both use and ownership.

Lincoln Street relies on *Town of Williston v. Pine Ridge School, Inc.*, 132 Vt. 439, 321 A.2d 24 (1974), to support its argument that the first clause of § 3802(4) should be read independently of the rest of the statute. There, we stated that the various clauses of § 3802(4) are disjunctive, *id.* at 444, 321 A.2d at 28, meaning that it is unnecessary to prove that property is exempt for more than one reason. It does not follow, however, that the meaning of each clause in the statute must be determined without considering those that precede or follow it.

■ ■  In construing a statute, the primary objective is to give effect to the intent of the Legislature. *Burlington Electric Dep't v. Vermont Dep't of Taxes*, 154 Vt. 332, 335, 576 A.2d 450, 452 (1990). We gather legislative intent by considering, not just isolated sentences or phrases, but "'the whole and every part of

the statute, the subject matter, the effects and consequences, and the reason and spirit of the law.'" *American Museum of Fly Fishing*, 151 Vt. at 108, 557 A.2d at 903 (quoting *Holbrook Grocery Co. v. Commissioner of Taxes*, 115 Vt. 275, 278–79, 57 A.2d 118, 120 (1948)). A tax exemption statute must be strictly construed against the party claiming an exemption, but also reasonably construed so as not to defeat its purpose. *Id.*

■■ Lincoln Street's argument fails because we must read the separate clauses of this statute together, as parts of a unified statutory system. *Wolfe v. Yudichak*, 153 Vt. 235, 240, 571 A.2d 592, 595 (1989). Doing that, we find that the concurrence of nonprofit ownership and use is necessary to make the statute as a whole effective. See *McAllister v. AVEMCO Ins. Co.*, 148 Vt. 110, 112, 528 A.2d 758, 759 (1987) (plain meaning of statute will be expanded by implication when necessary to make statute effective).

This interpretation is also consistent with legislative intent. The Legislature enacted § 3802(4) to further "the general welfare by promoting the direct employment of property for services which would otherwise have to be offered by the state or which should be encouraged by the state for humanitarian purposes." *Broughton v. Town of Charlotte*, 134 Vt. 270, 275, 356 A.2d 520, 523 (1976). The purpose of § 3802(4) is to "benefit an indefinite class of persons who are part of the public." *In re Abbey Church*, 145 Vt. 227, 230, 485 A.2d 1263, 1265 (1984). At the same time, the public or charitable use must confer a benefit on the public generally. *Trustees of Vermont Wild Land Foundation v. Town of Pittsford*, 137 Vt. 439, 443, 407 A.2d 174, 177 (1979); *English Language Center v. Town of Wallingford*, 132 Vt. 327, 329–30, 318 A.2d 180, 182 (1974).

■ The purpose of § 3802(4), then, is to benefit the community as a whole by benefiting that indefinite part of the public served by public, pious, or charitable organizations. Where the benefit of an exemption under § 3802 would flow to private individuals, however, rather than to an indefinite class of persons who are part of the public, the use is not public, the purpose of the statute is not met, and the town cannot be required under the statute to exempt the property from taxation. See *English Language Center*, 132 Vt. at 331, 318 A.2d at 183 (whatever

directly promotes individual interest is essentially a private activity).

Here, the ultimate beneficiaries of an exemption would be the Greenes, in whose name the property is listed. See *Abbey Church*, 145 Vt. at 230, 485 A.2d at 1265 (owners who control lease terms are the immediate beneficiaries of any tax exemption). Private landlords are not an indefinite class of persons under the meaning of § 3802(4) because they benefit from the rental and investment income of their property, regardless of its use. Permitting an exemption here would allow private title owners to enjoy the appreciation in value of their property, if any occurs, without paying any taxes on that property. *Id.* (citing *Broughton*, 134 Vt. at 275, 256 A.2d at 523). Regardless of any benefit transferred to lessees in the form of reduced rent, the private lessors would enjoy lower ownership risks and costs. For example, private owners who leased to exempt organizations would be insulated from forced tax sale of their property. They would also enjoy substantially higher after-tax investment returns than would other private property owners who must pay taxes to support municipal services. We cannot conclude that the Legislature intended such a result. *Id.*

Moreover, our prior case law does not support Lincoln Street's assertion that use, rather than ownership, has been the determinative factor in granting tax exemptions. The most that can be said of prior cases is that ownership was not an issue because the tax exemption claimants were also the owners of the property for which the exemption was sought. See, e.g., *Kingsland Bay School, Inc. v. Town of Middlebury*, 153 Vt. 201, 202, 569 A.2d 496, 497 (1989); *American Museum of Fly Fishing*, 151 Vt. at 103, 557 A.2d at 900; *Broughton*, 134 Vt. at 271, 356 A.2d at 521.

Finally, because we construe the intent of our Legislature in this matter, we cannot be guided by any trend in other jurisdictions, as cited by Lincoln Street. We see no compelling statutory or policy ground on which to depart from precedent.

*Affirmed.*