# In re .88 Acres of Property Owned by the Town of Shelburne

[676 A.2d 788]

No. 95-308

Present: **Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed March 8, 1996

*Steven F. Stitzel* of *Stitzel & Page, P.C.*, Burlington, for Plaintiff-Appellee.

*Joseph D. Fallon*, Hinesburg, for Defendants-Appellants.

**Gibson, J.** The Town of Shelburne brought this action to quiet title to a parcel of land donated to the Town in 1807 subject to the condition that the Town build a meeting house on the property and continue to use the parcel for that purpose. The heirs of the donor appeal the superior court's summary judgment ruling that the Town had acquired the property by adverse possession. We affirm.

In 1807, by warranty deed, Benjamin Harrington conveyed two parcels of land to the Town. One of the parcels was donated subject to its use as a green or parade ground. The other, the subject property, was donated as long as the Town built a meeting house thereon and continued to use it for that purpose. In 1808, a building known as the White Church was built on that property. From 1808 to 1865, the building served as a meeting house for various congregations, as well as the town hall and the town clerk's office. In 1865, the White Church burned, and a new town hall was constructed in the same spot two years later. The new town hall continued to serve as a place of public worship. In 1871, a two-story school building was erected next to the town hall. The town hall and school were destroyed by fire in 1925. The following year, a new school was built on the site previously occupied by the two buildings that had burned. In 1927, the present town hall was built on a nearby parcel of land conveyed to the Town by another donor.

The Town commenced suit to quiet title in 1994. In response to the parties' opposing summary judgment motions, the trial court ruled that the Town was entitled to the subject property free and clear of restrictions in the Harrington deed because the Town had used the property since 1926 in a manner adverse to the deed's restrictions.

## I.

An action for the recovery of lands must be "commenced within fifteen years after the cause of action first accrues." 12 V.S.A. § 501. This limitations period does not apply, however, "to lands given, granted, sequestered or appropriated to a public, pious or charitable use, or to lands belonging to the state." 12 V.S.A. § 462. In appellants' view, because the subject property was given for a public use, and has since been used or appropriated for public purposes, the limitations period in § 501 does not apply, and thus the Town may not obtain the property by adverse possession. We disagree.

Appellants concede that the Harrington deed granted the Town a determinable fee in the property. Consequently, when the Town breached the deed restriction by building a school on the property and erecting a new meeting house on separate property, the fee automatically reverted to the heirs of Benjamin Harrington. See *Ball v. Hall*, 129 Vt. 200, 208, 274 A.2d 516, 521 (1971); *Collette v. Town of Charlotte*, 114 Vt. 357, 360, 45 A.2d 203, 205 (1946). From that point on, the Town's possession of the property was adverse to the deed's restrictions and the heirs' right to title.

Appellants argue, however, that because the Town continued to appropriate the parcel for public purposes, § 462 bars the Town from taking title by adverse possession. Appellants also assert that if the deed had conveyed a fee upon a condition subsequent rather than a determinable fee, then reversion could not have occurred absent the heirs taking possession of the property. See *Collette*, 114 Vt. at 360, 45 A.2d at 205 (only practical distinction between right of entry for breach of condition subsequent and possibility of reverter on determinable fee is that fee in former estate does not terminate until entry by person having right, while fee in latter estate reverts at once on occurrence of event by which it is limited). According to appellants, the application of § 462 should not hinge on whether the subject property is held as a determinable fee or a fee upon a condition subsequent.

We are not persuaded by these arguments. Section 462, which has remained unchanged since 1801, see *Society for the Propagation of the Gospel in Foreign Parts v. Town of Sharon*, 28 Vt. 603, 612 (1856), is Vermont's version of the generally accepted, common-law rule that a claim of title or right by adverse possession does not lie against public lands. The principal policy consideration behind this rule is that it would be injurious to the public to allow adverse possession of lands dedicated to public use. 7 R. Powell, Powell on Real Property ¶

1015, at 91-96-97 (Patrick J. Rohan ed., rev. ed. 1995); see *Williamstown Borough Auth. v. Cooper*, 591 A.2d 711, 715 (Pa. Super. Ct. 1991) (adverse possession does not lie against commonwealth because land is impressed with public use).

Municipal lands are presumed to be held for public use, and if that is not the case, it is usually because the municipality has failed to put the property to any use at all. See *Jarvis v. Gillespie*, 155 Vt. 633, 642, 587 A.2d 981, 987 (1991) (land owned by municipality is presumed to be given to public use; presumption can be rebutted, however, by demonstrating that town abandoned land). If we were to apply § 462 as suggested by appellants, municipalities would, for all practical purposes, be barred from obtaining lands through adverse possession. The moment a town took possession of lands for a public purpose, the property would be "appropriated" for public use, and under appellants' theory, the town could never adversely possess it. If, on the other hand, a town took possession of land but never put it to any use, the elements of an adverse possession claim would most likely not be met.

Precluding towns from adversely possessing property is unrelated to § 462's objective of preventing lands in public use from going into private hands. While we recognize that § 462 does not preclude adverse possession of municipal lands not in public use, see *id.* at 644, 587 A.2d at 988, the statute clearly was not intended to prevent municipalities from adversely possessing other lands. Indeed, it is generally recognized that public entities, including municipalities, may acquire land by adverse possession. 7 R. Powell, *supra*, ¶ 1015, at 91-102-03; 10 E. McQuillin, The Law of Municipal Corporations § 28.15, at 43 (3d ed. 1990).

Here, we need not decide whether § 462 can ever be applied against municipalities. See, e.g., 7 R. Powell, *supra*, ¶ 1015, at 91-103 (where one governmental entity claims adverse possession from another, courts have reached mixed results). Rather, we take the narrower approach dictated by the facts of this case. Section 462 is intended to enable property owners who hold land in public use to oust trespassers and preserve the public use, regardless of the length of time the trespasser has possessed the land. Accordingly, the term "given, granted, sequestered or appropriated to a public . . . use" in § 462 refers to the use made of the property by the legal owner, not the trespasser. To hold otherwise, as shown above, would defeat the purpose of the statute and lead to absurd consequences. See *In re A.C.*, 144 Vt. 37, 42, 470 A.2d 1191, 1194 (1984) (if it can be fairly done,

statute should be construed to accomplish purpose for which it was intended; construction should not render statute ineffective or lead to irrational results).

▮ Because the subject property reverted to the heirs of Benjamin Harrington after the Town breached the deed restriction in 1926, the property was no longer given or appropriated for a public purpose by its legal owners, the heirs of Benjamin Harrington. Accordingly, the Town was not barred by § 462 from adversely possessing the property. As for appellants' argument that the result might be different had the deed conveyed the land in fee upon a condition subsequent, we respond only that it was not, and that question is not before us.

## II.

Appellants also contend that the Town's use of the doctrine of adverse possession to acquire title to the subject property violated their constitutional rights by taking the property without complying with the statutory condemnation procedures. We need not consider this argument, which is raised for the first time on appeal. See *Houston v. Town of Waitsfield,* 162 Vt. 476, 481, 648 Vt. 864, 867 (1994) (refusing to consider takings argument made for first time on appeal). We note, however, that appellants are arguing, in effect, that a town can never adversely possess lands, a position contrary to accepted law. See 10 E. McQuillin, *supra,* § 28.15, at 43 (municipality's right to acquire property by condemnation proceedings does not necessarily exclude its right to acquire property by other means, such as adverse possession).

## III.

Next, appellants argue that there are genuine issues of material fact as to whether the Town's use of the subject property was hostile and adverse to the deed restriction. According to appellants, because the property was also used for school purposes to varying degrees from the time of the original conveyance, and because the new school hosted different types of meetings on occasions, the construction of the new school after the 1925 fire did not put the Harrington heirs on notice of a hostile or adverse use.

▮ We find no error in the court's granting summary judgment to the Town. The facts are not in dispute. Before 1926, the Town had

maintained a meeting house on the property. From 1927 on, the town hall was on separate property, and only the new school remained on the subject property. Thus, after 1926, there was no meeting house or town hall on the property, and the primary use of the parcel was for school purposes. We conclude that, as a matter of law, the building of the new school in the place where the town hall had stood, combined with the building of the new town hall on separate property, was adverse and hostile to the deed restriction and put the heirs on notice that the property was being used in breach of that restriction.

## IV.

Finally, appellants argue that if this Court determines that the Town is entitled to the subject property unencumbered by the deed restriction, then they are entitled to the green or parade ground free and clear of the Town's interest. Appellants reason as follows: (1) the properties were conveyed in one deed, (2) the intent of the deed was to allow the Town use of both parcels as long as they were both used for the designated purposes, (3) the green or parade ground reverted to appellants along with the subject property in 1927, and (4) the Town has failed to show that it adversely possessed the green or parade ground. Thus, according to appellants, they now own the green or parade ground. This argument is without merit. As the trial court stated, the deed conveyed two separate and distinct parcels of land for two separate and distinct purposes; thus the grants are severable. There is no evidence that the green or parade ground was ever used other than for its intended purpose.

*Affirmed.*