## MYRTLE REBEKAH LODGE #6 of Proctorsville v. CAVENDISH LIBRARY TRUSTEES of Cavendish, Vermont

[726 A.2d 86]

No. 97-421

February 8, 1999. Cavendish Library Trustees (Trustees) appeal a declaratory judgment by the Windsor County Superior Court that a parcel of land in the Village of Proctorsville has reverted to the Myrtle Rebekah Lodge #6 of Proctorsville (Lodge) because the land is no longer used for library purposes. The Trustees claim the court erred in concluding that the land has ceased to be used for library purposes and in declaring that under the terms of the deed the Lodge owns the parcel of property where the old Proctorsville Library was located. We affirm.

The facts as found by the trial court are as follows. In September 1948, the Proctorsville Fraternal Society conveyed to the Trustees a parcel of land (Proctorsville property), without a building, in the Village of Proctorsville to provide a new location for a town library because the owner of the land where the library stood no longer wished to accommodate the library on his land. The deed provided in relevant part:

> It is a further condition of this deed that the said parcel conveyed shall be used for library purposes only, and if this condition be violated, then the conveyed parcel shall revert back to and become the property of the grantor or its assigns, and the grantee, its successors and as-

signs shall have the right to remove any building which may have been erected thereon, and also any heating plant that may have been installed, all for its own use.

The library building was moved to the Proctorsville property in 1948 or 1949, and the Trustees began operating its circulating library there.

The library operated continuously until July 1990, at which time the books and operations of the Proctorsville library were moved to a new library at the Cavendish Town Elementary School.* After the new library opened in Cavendish, the Proctorsville building ceased to be used as a circulating library. Because there is limited storage space in the new Cavendish library, however, the Trustees store approximately five-hundred uncatalogued books at the Proctorsville building, most of which will be used for book sales to raise money for the library. A group called React, a preschool playgroup sponsored by residents of Proctorsville, uses the building for two hours a week. React is not under the care, custody or control of the Cavendish Library Trustees and does not have any affiliation with the library. Although the group promotes reading activities among preschoolers, its activities are not related to library operations.

The library's mission statement, adopted in 1993 but similar to the mission statement of the library during the period of development of the new library, provides: "The Cavendish Community Library promotes the exchange of ideas, stimulates thought, and supports lifelong

---

*By warranty deed on August 2, 1991, the Proctorsville Fraternal Society conveyed all of its interests in real property in the Village of Proctorsville, including its reversionary interest in the Proctorsville property, to the Lodge.

learning in the school and community by providing relevant, current materials, programs and services for all ages."

The court concluded that neither the storage of noncirculating books, nor the limited use of the building for two hours per week by React, suffices to show that the property is used for library purposes. It stated that:

> the functions of a community library are being carried out at the new library located at the Cavendish School. Storage of unused books is tangential to the functions of a community library, and could be accomplished just as well in a rented storage space. The fact that unused books are stored in the old library building in Proctorsville does nothing to provide library services to the community from that location, which was the purpose of the original grant.

Accordingly, the court declared that the Lodge, as assignee of the grantor, owns the Proctorsville property where the old library stands.

The standard of review is deferential. We examine the trial court's findings only for clear error; factual findings are viewed in a light most favorable to the prevailing party. See *Mullin v. Phelps*, 162 Vt. 250, 260, 647 A.2d 714, 719 (1994). We will uphold conclusions of law if supported by the findings. See *Abbiati v. Buttura & Sons, Inc.*, 161 Vt. 314, 318, 639 A.2d 988, 990 (1994).

The Trustees first contest the court's factual finding that "no library operations continued at the old library." They argue that the evidence shows that the old library continues to be used for needed storage of discarded books destined for the book sale, as well as for additional meeting space. They also contest the court's finding that there is additional storage space available at the town hall in

Cavendish. The Trustees contend that the town hall space does provide some additional storage, but is not an alternative for the storage needs of the library. They further contest the court's finding that the books stored in the old library raise money for the library at book sales. They argue the evidence indicates that raising money is not the primary purpose of the book sale, but rather to extend the useful life of books and provide them to the public at low cost.

With respect to the court's finding that library operations were discontinued at the old library, the record reveals that the library moved to Cavendish in 1990, all the collections from the old library were transferred to the new library, and the town librarian has had no involvement with any activities in the Proctorsville building. Although the evidence also shows that there are approximately five-hundred books stored at the old library, no books have been lent or circulated from that building.

The Trustees further argue that providing a place to store books and allow a local group to meet are central services to the work of a library and comply with the library's mission statement. They argue that the library was not abandoned as an annex for services, which the new library was too small to offer, and that the court's conclusion to the contrary constitutes error. In *Collette v. Town of Charlotte*, 114 Vt. 357, 358, 45 A.2d 203, 204 (1946), a landowner conveyed a portion of his property to the Town "to be used . . . for school purposes" but it was to revert to the grantor, his heirs and assigns if the premises were used "for other than school purposes." *Id.* A school house was erected on the lot, and classes were taught there continuously until 1936, after which the building was used for storage of school supplies. The court's determination that the storage of school supplies was not sufficient to constitute "school purposes" was not challenged by

the plaintiff, and we affirmed the court's decision. Here, the Trustees argue that the storage of books and use of the old library as meeting space is clearly more directly related to the purposes of a library than the storage of school supplies is to the maintenance of a school. We do not discern, however, and the Trustees fail to explain, how the storage of a small number of books is more closely related to a library purpose than the storage of school supplies is to a school purpose.

The Trustees also argue that the modern community library is more than simply a place where books circulate. They contend that today's library is a space for various groups to meet and — contrary to their earlier argument that library book sales serve to provide low cost books to the public — that a library is a business that needs to support itself through regular fund-raising activities such as book sales. The court's findings, however, that the only uses to which the old library is put are as a weekly meeting place for an unaffiliated preschool playgroup and as storage for noncirculating books to be sold at a future library book sale amply support the conclusion that the land is no longer used for "library purposes only."

Moreover, a deed "is to be construed in connection with, and in reference to, the nature and condition of the subject matter at the time the deed was executed, and the obvious purpose the parties had in view." *Hoadley v. Hoadley*, 114 Vt. 75, 80, 39 A.2d 769, 773 (1944). At the time of the conveyance, the Trustees operated a circulating library in the Village of Proctorsville. The building was used as a circulating library only, and when the land and building were no longer available to the Village, the Proctorsville Fraternal Society conveyed land to provide the property upon which a new circulating library could operate. We find ample support for the court's conclusion that when the Trustees moved the circulating library from the Proctorsville property to

Cavendish, the condition of the deed was breached and the fee reverted to the assigns of the Proctorsville Fraternal Society. See *In re .88 Acres of Property Owned by the Town of Shelburne*, 165 Vt. 17, 21, 676 A.2d 778, 780 (1996) (where subject property was donated to town as long as town built a meeting house thereon and continued to use it for that purpose, after town breached deed restriction, subject property reverted to heirs of grantor).

*Affirmed.*