**TWIN VALLEY COMMUNITY SERVICES, INC. v. TOWN OF RANDOLPH and Randolph Board of Listers**

[756 A.2d 1233]

No. 99-220

May 1, 2000. The Town of Randolph appeals an Orange Superior Court order declaring that certain property owned by taxpayer Twin Valley Community Services, Inc. was exempt from property taxation pursuant to 32 V.S.A. § 3802(4). The Town claims the court erred in finding the property was unconditionally dedicated to public use. Taxpayer cross-appeals the court's decision that an adjoining property was not tax exempt pursuant to 32 V.S.A. § 3802(4). We affirm.

The trial court found the following facts. Taxpayer Twin Valley Community Services, Inc. is a Vermont nonprofit corporation organized to further the purposes of Upper Valley Services, Inc. ("Upper Valley"), another nonprofit corporation, which in turn is organized to support community needs related to mental health and mental retardation. Upper Valley is the only member of Twin Valley Community Services, Inc. Taxpayer purchased two adjoining lots in 1994. One of the lots had a preexisting dwelling on it,

and the other was vacant. The lot with the preexisting dwelling was purchased to facilitate the purchase of the adjoining vacant lot. The dwelling was used for a time as a residence for a developmentally disabled woman, and then the lot was sold.

Taxpayer purchased the lots for the purpose of building a residence ("Home") on the vacant lot to house three lower-income developmentally disabled adults. Because of this purpose, the purchase was financed in part by a grant from the Vermont Housing and Conservation Board, a state agency. The Home is staffed with one to three people at all times. The staff assists the residents with personal care, meal preparation, transportation, medications, cleaning, etc. A major portion of the cost of providing the residents with housing and support services is covered through Medicaid waiver funds, a mechanism used for community-based care, rather than institutional care. Upper Valley charges each resident $650.00 per month for room and board. Upper Valley pays monthly rent of $2,200.00 to taxpayer. The lease between the two corporations provides taxpayer the right to terminate the lease and enter should Upper Valley default.

Taxpayer requested a determination that the properties were tax exempt under 32 V.S.A. § 3802(4) as "[r]eal and personal estate granted, sequestered or used for public, pious or charitable uses." *American Museum of Fly Fishing, Inc. v. Town of Manchester* laid out the test for determining whether a property is entitled to tax-exempt status as a public use: (1) the property must be dedicated unconditionally to public use; (2) the primary use must directly benefit an indefinite class of persons who are part of the public, and must also confer a benefit on society as a result of the benefit conferred on the persons directly served; and (3) the property must be owned and operated on a not-for-profit basis. 151 Vt. 103, 110,

557 A.2d 900, 904 (1989). The Town argues that taxpayer fails the first part of the test because the lease of the property from taxpayer to Upper Valley contains conditions.

Although an exemption is strictly construed against the party claiming it, it may not be so strictly construed as to defeat the purpose of the statute. See *id.* at 108, 557 A.2d at 903; *Kingsland Bay School, Inc. v. Town of Middlebury*, 153 Vt. 201, 206, 569 A.2d 496, 499 (1989). The requirement that the property be dedicated unconditionally to a public use assures that the use directly benefits the public. See *Kingsland Bay*, 153 Vt at. 205, 569 A.2d at 498 (discussing *Vermont Wild Land Found. v. Town of Pittsford*, 137 Vt. 439, 407 A.2d 174 (1979)). If significant conditions are imposed on the use of the land, the benefit may effectively be restricted to a small group. See *id.*; *Wild Land*, 137 Vt. at 444, 407 A.2d at 177 (tract of undeveloped wilderness not dedicated to public use where access limited to small group of researchers). The Town does not dispute the fact that the home benefits the public. There are no conditions imposed on the property which limit the benefit such that it is transformed into a private benefit.

The Town further argues that the fact that taxpayer owns the property, while Upper Valley Services actually uses the property for the public benefit, bars taxpayer from entitlement to the tax exemption, citing *Lincoln Street, Inc. v. Town of Springfield*, 159 Vt. 181, 615 A.2d 1028 (1992) (property owned by private individuals and leased to nonprofit organization which used it as group home did not qualify for tax exemption under 32 V.S.A. § 3802(4)). However, *Lincoln Street* is inapposite here, because the lessor in that case was a private entity having no affiliation with the lessee providing the public services. *Lincoln Street*, 159 Vt. at 182, 615 A.2d at 1029. Thus, there was no concurrence between nonprofit owner-

ship and use, see *id.* at 185, 615 A.2d at 1030, and the "ultimate beneficiaries of an exemption would be the [private owners of the property]." *Id.* at 186, 615 A.2d at 1031.

Both the taxpayer-owner and the lessee-operator are nonprofit corporations with a single mission, so there is a concurrence of nonprofit ownership and use. Indeed, taxpayer was organized specifically to further the purposes of Upper Valley, which is its only member.

The Town argues, however, that we should not find an unconditional dedication because the lease between the taxpayer and the facility operator contains remedies if the lessee defaults, including termination of the lease and a right of reentry. These provisions might have more significance if taxpayer were not equally bound to the mission of the lessee-service provider. In *Kingsland Bay*, 153 Vt. at 205-06, 569 A.2d at 498, we held that the fact that the state could terminate its contract to support the taxpayer's group home did not make the dedication to public use conditional. Similarly here, financial circumstances might prevent the dedicated operation and force taxpayer to take possession to satisfy its mortgage lenders. The possibility that the dedicated use of the property may lapse is quite likely true of all property used for a public or charitable purpose. As we noted in *Kingsland Bay*, tax-exempt status can be reevaluated annually to ensure that the necessary unconditional dedication is still in place. See *id. Kingsland Bay* controls here.

Taxpayer cross-appeals, claiming that the court erred in determining that the lot with the preexisting residence was not tax exempt under 32 V.S.A. § 3802(4). Taxpayer claims that because the court's only finding regarding the lot was that it was used as a residence for a developmentally disabled woman, it was unconditionally dedicated to public use, and should be tax exempt. The court, however, held that the lot was primarily used as a mechanism to obtain the Home property, was never entirely occupied, was not occupied full-time, and was then sold. Based on its findings, the court properly determined that the lot and dwelling were not dedicated unconditionally to public use. The fact that a developmentally disabled individual leased the property for a time does not alter this characterization. See *Smith v. Osmun*, 165 Vt. 545, 546, 676 A.2d 781, 782 (1996) (mem.) (court's conclusions upheld where they are consistent with factual findings).

*Affirmed.*