Macri v. Cooke's Letters, LLC, No. 446-9-12 Wmcv (Carroll, J., May 2, 2013)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

| | |
|---|---|
| **SUPERIOR COURT**<br>**Windham Unit** | **CIVIL DIVISION**<br>**Docket No. 446-9-12 Wmcv** |

| | |
|---|---|
| **James N. Macri, Jane D. Macri, and**<br>**Saxtons Rivers Partners, Inc. d/b/a The Dish**<br>**On Main**<br> **Plaintiffs,**<br><br> **v.**<br><br>**Cooke's Letters, LLC,**<br> **Defendant.** | |

### DECISION ON MOTIONS FOR SUMMARY JUDGMENT

Factual Background

Plaintiffs sue Defendant for injunctive relief and a declaratory judgment. Plaintiffs operate a non-profit restaurant that serves as a meeting place and trains developmentally-disabled adults. Defendant leases a building to the U.S. Post Office in Saxtons River, Vermont. The parties share a driveway and parking lot. Defendant seeks to place jersey barriers at its property line, which would reduce Plaintiffs' driveway and available parking.

Plaintiffs assert they have a prescriptive easement over the driveway. Defendant counters that Plaintiffs cannot receive a prescriptive easement over Defendant's property because Defendant leases all of its property to the Post Office and is therefore protected by 12 V.S.A. § 462. Defendant admits that it is a for-profit corporation. Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, Exhibit 2: Defendant's Responses to Plaintiffs' First Set of Requests to Admit, ¶ 43 (filed March 13, 2013). Defendant also admits that it files taxes as a "profit business entity." *Id.* ¶ 45. Finally, Defendant admits "that property taxes are payable to the Town of Rockingham for the Post Office Property." *Id.* ¶ 47.

The parties dispute whether Plaintiffs' predecessor had permission to use Defendant's driveway. Defendant claims it allowed removal of a fence along its property to permit Plaintiff's predecessor, Tenney's Lumber Mill, to use part of Plaintiffs' driveway. *See* Defendant's Response to Plaintiffs' State of Facts and Statement of Additional Material Facts, ¶ 67 (filed Apr. 25, 2013); Affidavit of Daniel Cooke, ¶ 14b (filed Apr. 25, 2013), Exhibit 2 (dated Aug. 23, 1978). Tenney's Lumber Mill operated from 1979 until 2003 or 2004. In contrast, Plaintiffs argue the use by its predecessors was hostile. Plaintiffs also claim that customers of the restaurant, patrons of the Main Street Arts, attendees of church, and other customers of Main Street businesses use the driveway and parking lot. Plaintiffs' Statement of Undisputed Facts in Support of Plaintiff's Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment, ¶¶ 33, 41, 45 (filed March 13, 2012).

## Procedural History

Defendant filed a motion for summary judgment on February 13, 2013. Plaintiffs opposed the motion on March 13, 2013. Defendant responded to the opposition on March 29, 2013. Plaintiffs also filed a motion for summary judgment on March 13, 2013. Defendant opposed the Plaintiffs' motion for summary judgment on April 25, 2013.

## Standard of Review

The Court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). The Court makes all reasonable inferences and resolves all doubts in favor of the non-moving party. *Lamay v. State*, 2012 VT 49, ¶ 6, 191 Vt. 635. Nevertheless, the non-moving party cannot rely solely on the pleadings to rebut credible evidence. *Boulton v. CLD Consulting Eng'rs, Inc.*, 2003 VT 72, ¶ 5, 175 Vt. 413.

## Discussion

1. *Defendant's Motion for Summary Judgment*

The issue in Defendant's motion is whether Defendant qualifies for protection under 12 V.S.A. § 462 because of the Post Office's public use of the land. Adverse possession or prescriptive easements may not be obtained over "lands given, granted, sequestered or appropriate to a public, pious or charitable use…" 12 V.S.A. § 462; *see also MacDonough-Webster Lodge No. 26 v. Wells.* 2003 VT 70, ¶¶ 2–3, 175 Vt. 382 (discussing 12 V.S.A § 462 in the context of adverse possession); *Chittenden v. Waterbury Ctr. Cmty. Church, Inc.*, 168 Vt. 478, 488 (1998) (discussing 12 V.S.A § 462 in the context of a prescriptive easement).

*MacDonough-Webster Lodge* discussed when to apply 12 V.S.A. § 462. 2003 VT 70, ¶¶ 3–16; *see also Mahoney v. Tara, LLC*, 2011 VT 3, ¶ 11, 189 Vt. 557 (citing cases where the court considered section 462). The purpose of the law is to "encourage public use by preventing the normal action of property law from interfering with property uses that benefit a wide spectrum of citizens." *Id.* ¶ 11. To determine the meaning of charitable use in Section 462, the court applied the canon of construction *noscitur a sociis* (it is known by its associates). *Id.* ¶ 11, n. 2. Public, pious, and charitable uses are all grouped together and should be interpreted together. *See id.* The court then noted "the Legislature incorporated the same 'public, pious, or charitable' language used in the quieting act into the tax exemption statute, where it is currently codified in § 3802(4)." *Id.* § 12.[1] Accordingly, the court reasoned it could apply the test developed for determining charitable uses for an "exemption from property tax liability." *Id.*

To qualify for a property tax emption, a property must meet three criteria. *Id.* ¶ 13; *see also Am. Museum of Fly Fishing, Inc. v. Manchester*, 151 Vt. 103, 110 (1989) (defining the three criteria in the tax emption context). The criteria are "(1) the property must be dedicated

---

[1] Similar to 12 V.S.A. § 462, 32 V.S.A. § 3802(4) exempts "[r]eal and personal estate granted, sequestered or used for public, pious or charitable uses" from taxation.

unconditionally to public use; (2) the primary use must directly benefit an indefinite class of persons who are part of the public, and must also confer a benefit on society as a result of the benefit conferred on the persons directly served; and (3) the property must be owned and operated on a not-for-profit basis." *Am. Museum of Fly Fishing*, 151 Vt. at 110.

A private, for-profit, entity may not take advantage of the protections for public, pious, or charitable uses by leasing its property to a charity. *See Lincoln St., Inc. v. Springfield*, 159 Vt. 181, 185–86 (1992); *see also Herrick v. Marlboro*, 173 Vt. 170, 176–77 (2001) (holding a property owner could not avoid property taxes by allowing his church to use the property because the property owner could revoke the lease). In *Lincoln Street*, the Vermont Supreme Court held a private landowner could not avoid property taxes by leasing the land to a non-profit. 159 Vt. at 185–86. The court reasoned, "[t]he purpose of § 3802(4), then, is to benefit the community as a whole by benefiting that indefinite part of the public served by public, pious, or charitable organizations. Where the benefit of an exemption under § 3802 would flow to private individuals, rather than to an indefinite class of persons who are part of the public, the use is not public [and] the purpose of the statute is not met…" *Id.* at 185.

Although this case concerns a public use rather than a charitable use, the Court will apply the same tests discussed above. In *MacDonough-Webster Lodge*, the court discussed the charitable use exemption in the context of public and pious uses. 2003 VT 70, ¶¶ 1–12. The court's grouping suggests that all have similar meanings. *See id.* Moreover, the tax emption cases rely on a statute that also provides for special protections for "public, pious or charitable uses." *See* 32 V.S.A. § 3802(4). The analysis is applicable to this case because it contains the same language and serves the same purpose.

Section 462 does not protect Defendant from having its land encumbered with an easement. Defendant is a private company that seeks a profit by leasing property to the Post Office. Further, Defendant admits that it must pay property taxes on the property. Although the Post Office might qualify for protection under section 462, the Court will not impute Post Office's use of the property on to Defendant. *See Lincoln St.*, 159 Vt. at 185–86. Under the analysis in *Lincoln Street*, Defendant does not qualify for protection because the benefit of the protection would run to private individuals rather than the public at large. *See id.* Defendant also fails to meet the first and third prongs of the *American Museum of Fly Fishing* test because the property is not unconditionally dedicated to the public and is run for profit. *See Am. Museum of Fly Fishing*, 151 Vt. at 110.

Defendant argues ownership is not determinative and the Court should look to the use of the land rather than the ownership. Defendant cites many of the cases discussed above and two additional cases. *See In re .88 Acres of Property*, 165 Vt. 17 (1996); *Jarvis v. Gillespie*, 155 Vt. 633 (1991). The cases cited by Defendant relate to suits where the property owner, or a previous owner, had a claim for protection under 12 V.S.A. § 462. For example, in *Jarvis* the defendant successfully rebutted the presumption that property owned by a town was dedicated to public use. *See* 155 Vt. at 635–36, 643–44. None of the cases support the argument that a property owner who leases property to a charity is entitled to protection under 12 V.S.A. § 462.

On the other hand, a non-profit corporation that leases land to another non-profit, where both parties share the same mission, may still benefit from a tax exemption. *Town Valley Cmty. Servs., Inc.v. Randolph,* 170 Vt. 648, 649–50 (2000). *Town Valley Community Services* does not apply to this case because Defendant is not a non-profit corporation and does not share the mission of the post-office. *See id.* Moreover, the distinction between landlords that share and do not share the mission of the non-profit corporation tenant supports Defendants' argument in this case. The distinction would be unnecessary if the Court only looked to the tenant's use of the land. The Court finds Defendant's argument unpersuasive in light of the *Town Valley Community Services* distinction and of the tax exemption for public, pious, or charitable uses. Accordingly, the Court must deny Defendant's motion for summary judgment because it is not entitled to judgment as a matter of law. *See* V.R.C.P. 56(a).

### 2. *Plaintiffs' Motion for Summary Judgment*

The issue in Plaintiffs' motion for summary judgment is whether Plaintiffs' predecessors had permission to use the driveway. "To successfully claim an easement through prescription, there must be open, notorious, continuous and hostile use of a right-of-way for fifteen years." *Wells v. Rouleau*, 2008 VT 57, ¶ 8, 184 Vt. 536; *see* 12 V.S.A. § 501 (fifteen year statutory period). Defendant claims Plaintiffs fail the hostility requirement because Defendant gave Plaintiffs' predecessor implied permission to use the land by removing a fence in the driveway. In *Greenberg v. Hadwen*, the Vermont Supreme Court affirmed a trial court's conclusion "that the plaintiff did not satisfy the requirement that the use be hostile because the defendants had given the implied permission to use the disputed area for ingress to and egress from the land in common." 145 Vt. 112, 114, 116 (1984). By inference, implied permission can defeat prescription.[2] *See id. But cf. Wells*, 2008 VT 57, ¶ 16 (holding removal of a barrier across a road is not conclusive evidence of permission).

In this case, there is a factual dispute on whether Defendant allowed Plaintiffs' predecessor to use the driveway. Defendant argues it allowed removal of the fence separating the driveways to allow Plaintiffs' predecessor to use the driveway. Plaintiffs' predecessor operated until at least 2003. Assuming the facts are as Defendant presents them, Defendant gave implied permission for Plaintiffs' predecessor to use the driveway until at least 2003. *See* V.R.C.P. 56(a). Under these facts, Plaintiffs would not meet the statutory period for a prescriptive easement. *See* 12 V.S.A. § 501. This case is distinguishable from *Wells* because of the standard of review. *Wells* considered an appeal from a trial court order where the trial court made credibility determinations. 2008 VT 57, ¶ 16. The Court may reject Plaintiff's claims at trial but it cannot do so on a motion for summary judgment.[3] *See* V.R.C.P. 56(a).

---

[2] Other jurisdictions also allow for implied permission to defeat prescription. *See, e.g.*, *Larsen v. Richardson,* 2011 MT 195, ¶ 59, 260 P.3d 103 ("Neighborly accommodation, express or implied, is a form of permissive use which, by custom, does not require permission at every passing."); *O'Dell v. Stegall*, 703 S.E.2d 561, 585 (W.Va. 2010) ("[I]n the context of prescriptive easements, an 'adverse use' of land is a wrongful use, made without the express or implied permission of the owner of the land.").

[3] Moreover, Defendant claims that it allowed the public to use the driveway. "A generalized use by the public may, in appropriate circumstances, raise a presumption that the use is permissive." *Begin v. Barone*, 124 Vt. 421, 423 (1965); *see also Wells*, 2008 VT 57, ¶ 17 (citing *Begin* for the presumptions on adverse or permissive use). Plaintiffs' statement of facts suggests a diverse ground of people use the driveway and lot. The Court presumes the use is permissive under these circumstances, at least for a motion for summary judgment. *See Begin*, 124 Vt. at 423.

4

## ORDER

The Court ***denies*** Defendant's motion for summary judgment. The Court also ***denies*** Plaintiffs' motion for summary judgment.

Dated at Newfane, Vermont on April 29, 2013

_____
Karen R. Carroll
Superior Court Judge

---

Thus, even if the Court rejected Defendant's implied permission argument, the Court would still need to deny Plaintiff's motion for summary judgment.