VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      24-AP-192



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

DECEMBER TERM,   2024

Ivo Skoric\* v. City of Rutland

}  APPEALED FROM:
}  Superior Court, Rutland Unit,
}  Civil Division
}  CASE NO. 23-CV-03496
Trial Judge: Alexander N. Burke

In the above-entitled cause, the Clerk will enter:

Plaintiff Ivo Skoric appeals from a civil division order granting summary judgment to defendant City of Rutland.  We affirm.

In August 2023, plaintiff filed a pro se complaint raising three claims against the City. He alleged that the City: (1) arbitrarily blocked one of two driveways on his property with a concrete curb during recent renovations to an adjacent street; (2) thus deprived his two-unit property of a preexisting parking spot, diminishing its value; and (3) planted a tree in front of his property that damaged his porch and sewer line.

The City moved for summary judgment under Vermont Rule of Civil Procedure 56(a).  In support of its motion, the City filed a separate statement of undisputed material facts and supporting exhibits as required under Rule 56(c)(1).

The court issued a summary-judgment notice advising plaintiff that he had the right to respond to the City's motion in writing.  The notice directed plaintiff to Rule 56 for more information on the summary-judgment procedure and, as relevant here, warned:

> Your written response needs to include a sworn affidavit or notarized statement that responds to each numbered paragraph in the opposing party's "Statement of Undisputed Facts." . . . If you think there are documents that show why you are right, attach those documents and explain in your sworn statement what they are. . . . IF YOU DO NOT FILE ANYTHING, THE JUDGE WILL MAKE THE DECISION BASED ONLY ON WHAT THE OTHER SIDE HAS FILED.

Plaintiff filed an opposition to the City's motion that included a section titled "SWORN AFFIDAVIT OF DISPUTED MATERIAL FACTS." However, the filing was neither notarized nor self-attested in lieu of notarization, see 4 V.S.A. § 27b, and it did not cite to specific materials in the record.

In June 2024, the civil division issued a written order granting summary judgment to the City. It concluded that plaintiff's opposition to the City's motion failed to comply with Rule 56(c)(2), which provides that a party "responding to a statement of undisputed material facts and asserting that a fact is genuinely disputed, that the materials cited do not establish the absence of a genuine dispute, or that the moving party cannot produce admissible evidence to support the fact" must "file a paragraph-by-paragraph response, with specific citations to particular parts of materials in the record that the responding party asserts demonstrate a dispute." As a result, the court deemed the City's assertions of fact undisputed under Rule 56(e)(2), which provides that where a party "fails to properly address another party's assertion of fact as required by Rule 56(c)," the court may "consider the fact undisputed for purposes of the motion."

The following facts were thus considered undisputed for purposes of the City's summary-judgment motion. Plaintiff owns a property on Robbins Street in Rutland. The City owns Robbins Street and the adjacent curb and sidewalk. Plaintiff has access to his property from Pine Street via an easement over a neighboring property on the corner of Pine and Robbins Streets but has no deeded right of access to his property from Robbins Street. However, plaintiff had apparently been entering and exiting his property from Robbins Street by driving over a sunken curb. During a roadway reconstruction project, the City replaced the sunken curb along Robbins Street. The new curbing blocked plaintiff's access to an area on his property that he previously used as a second driveway and parking spot. The City does not have regulations limiting where a property owner may park on his own property. When plaintiff purchased his property in 2004, he was aware that a nearby City tree represented a risk: an inspection report indicated that it was causing the home's porch to sag. The condition of plaintiff's sewer line is unknown. Tree roots cannot penetrate sewer service lines—they only grow into preexisting cracks. Roots are therefore evidence of broken sewers, not a cause of sewer breaks.

As to plaintiff's first cause of action, the civil division concluded that the doctrine of municipal immunity barred any tort claim arising from the construction and maintenance of roads and related infrastructure. See Civetti v. Turner, 2020 VT 23, ¶¶ 6, 9, 212 Vt. 185 (observing that "[p]ursuant to well-established common law, a municipality is generally immune from suit based on the negligent performance of 'governmental' functions," including "[b]uilding and maintaining streets" (quotation omitted)). Moreover, the court reasoned, plaintiff could not have obtained a right of access across the previously sunken curb through adverse possession because land held by a municipality for public use is beyond the reach of that doctrine. See 12 V.S.A. § 462; In re .88 Acres of Prop., 165 Vt. 17, 19 (1996) (explaining that under § 462, claim of title or right by adverse possession does not lie against lands held by municipality for public use).

The court characterized plaintiff's second cause of action as a claim that the City unconstitutionally took a parking space from him when it replaced the sunken curb. See Lorman v. City of Rutland, 2018 VT 64, ¶ 35, 207 Vt. 598 (explaining Vermont and U.S. Constitutions prohibit government from taking private property for public use without just compensation); see also U.S. Const. amend. V; Vt. Const. ch. I, art. 2. In order to sustain this claim, the court reasoned, plaintiff needed to show that the City in fact deprived him of a parking spot—but he could not do so because he remained free to park anywhere he wished on his property.

Finally, the civil division held that the City was entitled to summary judgment on plaintiff's claim regarding the tree. It concluded that because plaintiff was aware that the City tree was causing his porch to sag when he purchased the property in 2004, any related cause of action was barred by the six-year statute of limitations at 12 V.S.A. § 511. It held that plaintiff could not otherwise maintain a negligence claim because he failed to show actual injury to his sewer line, and, even if he had shown that tree roots penetrated his sewer line, it was undisputed that the roots could not have caused a sewer break. See Montague v. Hundred Acre Homestead, LLC, 2019 VT 16, ¶ 14, 209 Vt. 514 ("A claim for common law negligence has four elements: a legal duty owed by defendant to plaintiff, a breach of that duty, actual injury to plaintiff, and a causal link between the breach and the injury." (quotation omitted)). This appeal followed.

We review a decision on a motion for summary judgment without deference, applying the same standard as the trial court: summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); see Progressive N. Ins. Co. v. Muller, 2020 VT 76, ¶ 9, 213 Vt. 145. Here, plaintiff has not demonstrated that the civil division erred in concluding that there was no genuine dispute as to any material fact or that the City was entitled to judgment as a matter of law.

Plaintiff appears to suggest that the court erred in deeming it undisputed that there was a preexisting sunken curb running along Robbins Street because the City allegedly did not "provide documentation about when and by whose decision was the original curb placed there." It is unclear why such documentation would be necessary to sustain the assertion that there was a sunken curb along Robbins Street prior to the City's reconstruction project, which was otherwise supported with reference to photographs of the curbing and the affidavit of the engineer who oversaw the reconstruction project. In any event, to the extent plaintiff wished to rebut this, he needed to do so by filing a response to the City's statement of undisputed material facts that conformed with Rule 56(c)(2). He did not do so, despite the explicit instructions in the trial court's summary-judgment notice. As a result, the civil division did not err in deeming the preexistence of a sunken curb undisputed under Rule 56(e). See Stone v. Town of Irasburg, 2014 VT 43, ¶ 55, 196 Vt. 356 ("The requirements of Rule 56 are important and where a party does not adequately dispute a statement of undisputed facts, we have affirmed the court's acceptance of those facts as admitted."); Zorn v. Smith, 2011 VT 10, ¶ 22, 189 Vt. 219 ("[A]lthough pro se litigants receive some leeway from the courts, they are still bound by the ordinary rules of civil procedure." (quotation omitted)).

Next, plaintiff argues that the City had an obligation to consider the impacts of its Robbins Street reconstruction project on neighboring landowners before beginning construction, including with reference to the historic uses of these neighboring properties. However, he identifies no source for this asserted "right to be consulted." In the absence of such authority, plaintiff's argument is inadequately briefed, and we decline to consider it. See V.R.A.P. 28(a)(4)(A) (providing that appellant's brief must include argument supported with citations to authorities and statutes on which appellant relies); In re Snyder Grp., Inc., 2020 VT 15, ¶ 26 n.10, 212 Vt. 168 (declining to address inadequately briefed argument).

Finally, plaintiff contends, for the first time on appeal, that the City impaired his quiet enjoyment of his property by "cutting an 80[-]year[-]old tree that provided canopy shade" in his front yard. Because this issue was neither raised nor decided below, it is not preserved for our review on appeal. See In re Entergy Nuclear Vt. Yankee, LLC, 2007 VT 103, ¶ 12, 182 Vt. 340

(noting pro se litigants are afforded greater flexibility with regard to preservation but nonetheless declining to address issues not raised below).

Plaintiff has not demonstrated that the civil division erred in granting the City's motion for summary judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice