## Berkshire School v. Town of Reading

[781 A.2d 282]

No. 00-398

Present: **Amestoy, C.J., Morse, Johnson and Skoglund, JJ., and Cook, D.J., Specially Assigned**

Opinion Filed August 24, 2001

*Christopher K. Rice* of *Wilson & White, P.C.*, Montpelier, for Plaintiff-Appellee.

*Kimberly L. Carboneau* of *Boylan & Richards, P.C.*, Springfield, for Defendant-Appellant.

**Johnson, J.** For the second time this term, we are confronted with the issue of whether our property tax exemption statute, 32 V.S.A. § 3802(4), contains a use requirement. Appellant Town of Reading appeals from a decision of the Windsor Superior Court granting taxpayer Berkshire School an exemption from property taxes under § 3802(4) for a parcel of land the school owns in the Town of Reading. The court held that under the exemption, ownership by a school is the only requirement. We reverse.

The Berkshire School is a nonprofit corporation that operates an accredited private high school in Sheffield, Massachusetts. In November 1998, a 212 acre parcel of land in Reading, Vermont was donated to the school. The land is undeveloped. The parties agree that although the school plans to use the property for a student mountain program and environmental science classes, there is no current educational use of the land.

At issue in this case is the status of the land for the purpose of property tax assessments. The school argues that the property falls within the exemption for "lands owned or leased by colleges, academies or other public schools" in § 3802(4). The Town contends that this statute requires the land to be used by the school for an educational purpose and that mere ownership is not enough to qualify the parcel for the exemption. The case arose when the Town appraised the property at approximately $250,000. The school grieved the appraisal to the board of listers and then to the board of civil authority, on the grounds that the property was tax exempt. After decisions in both those bodies reduced the taxes, but denied the school the tax exemption, the school brought the case to superior court. On cross-motions for summary judgment, the court held that there was no educational use requirement in the statute. Previous discussion of a use requirement for the exemption, in this Court's cases, were dicta, according to the court. On appeal, the Town argues that the court misread our precedent on this exemption, which establishes a use requirement, in addition to an ownership requirement. Berkshire School counters that the plain language of the statute indicates that ownership alone qualifies a property for the exemption.

In reviewing a motion for summary judgment we apply the same standard as the trial court. Summary judgment is appropriate when the record demonstrates that there is no genuine issue as to

material fact, and the moving party is entitled to judgment as a matter of law. *Guiel v. Allstate Ins. Co.*, 170 Vt. 464, 467, 756 A.2d 777, 780 (2000).

The statute at issue, 32 V.S.A. § 3802, states in relevant part:

> The following property shall be exempt from taxation:
>
> . . . .
>
> (4) Real and personal estate granted, sequestered or used for public, pious or charitable uses; real property owned by churches or church societies or conferences and used as parsonages and personal property therein . . . ; real and personal estate set apart for library uses and used by the public and private circulating libraries . . . ; lands leased by towns or town school districts for educational purposes; and *lands owned or leased by colleges, academies or other public schools* . . . ; and lands and buildings owned and used by towns for the support of the poor therein . . . . *The exemption of lands owned or leased by colleges, academies or other public schools, shall not apply to lands or buildings rented for general commercial purposes* . . . ;

(Emphasis added.) This case concerns the exemption only for "lands owned or leased by colleges, academies or other public schools" (lands owned exemption). Any statutory exemption from property tax is to be strictly construed against the taxpayer. *Stowe Preparatory School, Inc. v. Town of Stowe*, 124 Vt. 392, 396, 205 A.2d 544, 546 (1964).

In a companion case issued today, *Burr & Burton Seminary v. Town of Manchester*, 172 Vt. 433, 782 A.2d 1149 (2001), we interpret § 3802(4) under very similar circumstances. In that case, we trace the long standing use requirement implicit in the statute. *Burr & Burton*, 172 Vt. at 437-39, 782 A.2d at 1152-54. We hold that despite the language of § 3802(4), a use requirement is consistent with the legislative purpose of the exemption statute, which is to free from taxation land that is being used to serve some public purpose. *Id.* at 437, 782 A.2d at 1152. We conclude that a school must *use* its property for an educational purpose, in addition to own it, in order to claim the exemption. *Id.* at 439, 782 A.2d at 1154. Necessarily, therefore, we interpret § 3802(4) identically in this case.

Applying this holding to the specific property in this case, we conclude that land owned by the school is not exempt. The property owned by the school currently is simply a plot of land that is not being

used at all, let alone for any educational purpose. At such time that the school actually begins to use the property, the issue of exemption may be raised again at the next appraisal.

*Reversed.*