Mountain View Cmty. Sch., Inc. v. City of Rutland, No. 748-10-08 Rdcv (Cohen, J., Jan. 28, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT
## RUTLAND COUNTY

|  |  |  |
|---|---|---|
| **MOUNTAIN VIEW COMMUNITY SCHOOL, INC.,** | ) ) ) | **Rutland Superior Court** **Docket No. 748-10-08 Rdcv** |
| **Plaintiff,** | ) ) ) | |
| **v.** | ) ) | |
| **CITY OF RUTLAND,** | ) ) ) | |
| **Defendant** | ) ) | |

## DECISION ON PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT, FILED OCTOBER 1, 2008

Plaintiff Mountain View Community School, Inc. (Mountain View) brought the instant action seeking tax exempt status as a "public school" under 32 V.S.A. § 3802(4). Previously, the Court granted Mountain View's Motion for Preliminary Injunction. Plaintiff Mountain View is represented by Theodore F. Robare, Esq. Defendant City of Rutland is represented by Andrew G. Costello, Esq.

## FINDINGS OF FACT

(1)     An evidentiary hearing was held on October 26, 2009.

(2)     Mountain View Community School, Inc. (Mountain View) is a Vermont non-profit corporation organized for educational purposes.

(3)     Mountain View has been granted non-profit status pursuant to the Internal Revenue Code § 50(c)(3).

(4)     Mountain View is licensed by the Vermont Department of Education as an independent school pursuant to 16 V.S.A. § 166.

(5) Mountain View owned real property located at [address redacted] in the City of Rutland.

(6) Mountain View owned real property at [address redacted] in the City of Rutland.

(7) Mountain View has paid property tax payments to the City of Rutland from the time it began operations as a school in 1994 and owned the real property.

(8) The 2007-2008 Mountain View Community School Handbook describes the school's admissions policy: "All prospective students and their parents/guardians must visit the school and meet with an appropriate classroom teacher prior to enrolling. Parents/guardians will receive information about MVCS and an application form upon their request. The completed application form, accompanied by an application fee of $25 per family, not per child, must be submitted to MVCS. Admission decisions occur through a mutual process. Parents/guardians of the child and the teachers work together in consultation with the Administrative Committee of the Board of Directors to make the final decision with regard to the acceptance of children into the program."

(9) Mountain View submitted no other evidence as to its admissions process.

(10) Mountain View submitted no evidence as to the how many students it has accepted and denied since its inception in 1994.

(11) Mountain View provided no evidence as to the makeup of its student body regarding race, religion, national origin, or gender

**CONCLUSIONS**

Mountain View seeks a declaration that its real property is exempt from taxation under 32 V.S.A. § 3802(4) as "lands owned . . . by . . . other public schools." Mountain View asserts that any member of the public could send his or her child to the school; therefore it benefits an "indefinite class of persons."

Under Vermont law, any statutory exemption from property tax is to be strictly construed against the taxpayer. *Berkshire School v. Town of Reading*, 172 Vt. 440, 442 (2001). The exemption under 32 V.S.A. § 3802(4) for public uses or public schools requires the plaintiff to show that the use of the subject property confers a benefit upon an indefinite class of persons who are part of the public. *Brattleboro Child Development, Inc. v. Town of Brattleboro*, 138 Vt. 402, 404 (1980) (overruled on other grounds by *American Museum of Fly Fishing, Inc. v. Town of Manchester*, 151 Vt. 103, 110-11 (1989)). Thus, the same test applied to land used for public uses, also applies to public schools—the use of the property must confer a benefit on an indefinite class of persons.

For a property to be entitled to tax-exempt status as a public use, it must meet the following criteria: (1) the property must be dedicated unconditionally to public use; (2) the primary use must directly benefit an indefinite class of persons who are part of the public, and must also confer a benefit on society as a result of the benefit conferred on the person directly served; and (3) the property must be owned and operated on a not-for-profit basis. *American Museum of Fly Fishing, Inc.*, 151 Vt. at 110. The purpose of the exemption under § 3802(4) is to "free from taxation land that is being used to serve some public purpose." *Sigler Foundation v. Town of Norwich*, 174 Vt. 129, 134 (2002). "The underlying principle behind the Court's definite/indefinite class distinction is the intent to

3

distinguish uses that benefit the public from uses that benefit only a selected few." *Sigler Foundation*, 174 Vt. at 134. In determining whether a use benefits the public, the Vermont Supreme Court has stated:

> [i]t is the inquiry into the character and quality of an organization's "choice," "selection," or "judgment" criteria used to determine its beneficiaries that informs the question of whether or not the organization's use of its property benefits an indefinite class that is part of the public and, thus, confers a benefit on society.

*Id*.

Here, the only evidence Mountain View provided as to its admissions process is what is printed in its 2007-2008 Handbook. The admissions language in the Handbook is vague as to the "mutual process" that occurs between a parent and the Board of Directors, and Mountain View provided no testimony to clarify the process. Also, Mountain View provided no evidence as to how many students it has accepted and denied since its inception in 1994. Furthermore, Mountain View provided no evidence as to the makeup of its student body regarding race, religion, national origin, or gender.

Mountain View has provided no evidence as to the character and quality of the "choice," "selection," or "judgment" criteria it uses to determine its beneficiaries. See *Sigler Foundation*, 174 Vt. at 134. Thus, Mountain View has not shown that its primary use directly benefits an indefinite class of persons who are part of the public. See *American Museum of Fly Fishing, Inc.*, 151 Vt. at 110. Any statutory exemption from property tax is to be strictly construed against the taxpayer. *Berkshire School*, 172 Vt. at 442. Mountain View has not carried its burden and it is not entitled to declaratory relief in the form on an exception under 32 V.S.A. § 3802(4).

# ORDER

Plaintiff Mountain View Community School, Inc.'s request for declaratory judgment is DENIED. Plaintiff is not entitled to tax exemption under 32 V.S.A. § 3802(4).

Dated at Rutland, Vermont this _____ day of _____, 2010.

_____
Hon. William Cohen
Superior Court Judge